Rick STOCKHOUSE, Plaintiff,

v.

HINES MOTOR SUPPLY (WYOMING), INC. d/b/a/ Greybull Auto Supply, T. Sewell Hines, Lew B. Hines, Kathryn E. Hines, Thomas S. Hines, Jr., and Gary Hansen, Defendants.

No. C86–0445–B.

United States District Court,
D. Wyoming.

June 1, 1987.

Robert A. Gish, Basin, Wyo., for plaintiff.

Stephen D. Bell, Dorsey and Whitney, Billings, Mont., James H. Sperry, Worland, Wyo., for defendants.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

BRIMMER, Chief Judge.

This matter came before the Court on defendants' motion for summary judgment pursuant to Fed.R.Civ.P. 56. The Court, having heard the arguments of counsel, having reviewed the pleadings, and being fully advised in the premises, FINDS and ORDERS as follows:

This is an action under the antidiscrimination provisions of the Bankruptcy Code, 11 U.S.C. § 525(b). The case arises under Title 11, United States Code, and jurisdiction rests in this Court pursuant to 28 U.S.C. § 1334. Plaintiff failed to show that his discharge by defendants occurred solely because he was a debtor under Title 11 of the United States Code. Defendants' motion for summary judgment must therefore be granted.

Plaintiff was employed as a counterman at defendants' automobile parts store. Defendant Thomas Hines is an officer and director of the store. Defendant Hansen is the store manager. In January 1985, plaintiff filed for bankruptcy. Hansen fired plaintiff in February 1985. After his discharge, plaintiff sued in Wyoming District Court. The action was removed to this Court. Plaintiff alleges that his discharge violated the antidiscrimination provisions of the Bankruptcy Code, 11 U.S.C. § 525(b). He also alleged wrongful discharge and sought punitive damages. Plaintiff abandoned these claims. The only remaining question is whether plaintiff was discharged in violation of § 525(b). Defendants now move for summary judgment on that claim.

A party seeking summary judgment must show the absence of a genuine issue of material fact. *Weir v. Anaconda Co.,* 773 F.2d 1073, 1079 (10th Cir.1985). The movant need not disprove the opposing party's evidence. *Windon Third Oil and Gas Drilling Partnership v. Federal Deposit Ins. Corp.,* 805 F.2d 342, 346 (10th Cir. 1986) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)), *cert. denied,* —— U.S. ——, 107 S.Ct. 1605, 94 L.Ed.2d 791 (1987). The movant must, however, demonstrate that no legally significant evidence supports the opposing party's claims. *Id.,* at 345, 346.

A properly supported motion for summary judgment requires the resisting party to raise a material issue of fact. *Weir v. Anaconda Co.,* 773 F.2d at 1081. Conclusory allegations, general denials and mere argumentation are insufficient. *Pasternak v. Lear Petroleum Exploration, Inc.,* 790 F.2d 828, 824 (10th Cir.1986). A genuine issue of material fact instead exists only where the evidence and inferences therefrom might lead a reasonable jury to return a verdict for the nonmoving party. *Carey v. United States Postal Serv.,* 812 F.2d 621, 623 (10th Cir.1987) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

In deciding a motion for summary judgment, the Court must assume the truth of plaintiff's assertions and resolve all inferences in his favor. *Windon,* 805 F.2d at 346. The Court must ask whether a fairminded jury could return a verdict for plaintiff based on the evidence presented. Defendants must therefore show that plaintiff failed to establish an essential element of his claim. *Id.*

The Bankruptcy Amendments and Federal Judgeship Act of 1984 provides that:

No private employer may terminate the employment of, or discriminate with respect to employment against, an individual who is or has been a debtor under this title, a debtor or bankrupt under the Bankruptcy Act, or an individual associ-

ated with such debtor or bankrupt, *solely because* such debtor or bankrupt—

(1) is or has been a debtor under this title ... or the Bankruptcy Act;

(2) has been insolvent before the commencement of a case under this title or during the case but before the grant or denial of a discharge; or

(3) has not paid a debt that is dischargeable in a case under this title or that was discharged under the Bankruptcy Act.

11 U.S.C. § 525(b) (emphasis added). An essential element of a claim under this section is that the employee's insolvency, the filing of bankruptcy or the discharge of his debts is the sole reason for discriminatory treatment by an employer. *In re Hopkins,* 66 B.R. 828, 831 (Bankr.W.D.Ark.1986); *In re Hicks,* 65 B.R. 980, 983 (Bankr.W.D.Ark. 1986). *See also In re Helms,* 46 B.R. 150, 154 (Bankr.E.D.Mo.1985) (construing 11 U.S.C. § 525(a)). An employer may dismiss an employee for any cause unrelated to the employee's recourse to the bankruptcy laws. *In re Terry,* 7 B.R. 880, 881 (Bankr. E.D.Va.1980) (construing 11 U.S.C. § 362). In this case, plaintiff's claim is defeated by a showing that his bankruptcy status was not the sole reason for his termination.

 To support his allegations, plaintiff first points to inconsistencies in defendants' statements. For example, defendant Hansen said that he solicited employment applications in 1984 solely to find a replacement for plaintiff. Hansen Aff. at 5. However, Hansen accepted employment applications in 1984 because another employee, Larry Collingwood, quit his job at the auto supply store. Hansen Supp.Aff. at 1–2. The inconsistency is inconsequential and does not raise an issue of material fact on the question of whether or not plaintiff was fired solely because of his bankruptcy status.

Plaintiff offered no direct evidence of discrimination. At plaintiff's wedding reception on December 15, 1984, Hansen said that plaintiff was doing an excellent job and that Hansen hoped a salary increase could be arranged for plaintiff. A. Stockhouse Aff.; C. Stockhouse Aff.; R. Stockhouse Aff. Plaintiff notes, however, that

his dismissal occurred only two months later, a mere one day after the creditors' meeting in his bankruptcy proceeding. Plaintiff told Hansen of the bankruptcy proceeding in January 1985. At that time, Hansen asked if plaintiff had considered other alternatives and treated plaintiff coldly thereafter. Viewed in a light most favorable to plaintiff, the evidence supports an inference that Hansen was displeased by plaintiff's decision to seek bankruptcy but does not show that plaintiff was fired solely because he sought that protection.

Defendants submitted affidavits indicating that plaintiff was a poor employee. Plaintiff frequently failed to give customers the correct parts. P. Collingwood Aff. at 2; Good Aff. at 2. Many customers complained about him, and some took their business to other stores. Richards Aff. at 2–3; Good Aff. at 2; Chilson Aff. at 2; Richards Aff. at 2–3; P. Collingwood Aff. at 2. Defendants warned plaintiff that he would be dismissed if his performance did not improve. Hansen Aff. at 4; Stockhouse Dep. at 31. Plaintiff conceded the truth of defendants' contentions. Stockhouse Dep. at 30–31, 55, 81, 111–24. Moreover, the unrefuted evidence shows that defendants decided to replace plaintiff long before learning of the bankruptcy proceedings. Defendants did not know plaintiff petitioned for bankruptcy until after a replacement had been selected. Hansen Aff. at 4, 6. Nothing in the record suggests that defendants had a policy of dismissing employees who filed for bankruptcy. Other employees petitioned for bankruptcy and have not been fired. Micek Aff. at 1. Plaintiff failed to establish that he was dismissed solely because of his insolvency, the filing of the bankruptcy, or the discharge of his debts.

The cases support this conclusion. The employer in the case of *In re Hopkins,* 66 B.R. 828 (Bankr.W.D.Ark.1986), for example, discharged the debtor from her position as a bank employee after she filed for bankruptcy. The bank feared potential adverse public relations from plaintiff's employment. *Id.* at 831. The employer offered no evidence of poor performance. *Id.* at 833. The court held that the debtor's

discharge violated § 525(b), reasoning that "if *unwarranted* firings were allowed, the policy of a fresh start for the debtor would be frustrated." *Id.* at 832 (emphasis added). *In re Hicks,* 65 B.R. 980 (Bankr.W.D. Ark.1986), involved a situation where a bank employee was transferred to a different job after a newspaper article revealed that she and her husband petitioned for bankruptcy. *Id.* at 981. The court concluded that the debtor's transfer was based solely on the debtor's bankruptcy filing. *Id.* at 984. The bank gave no other reason for the transfer and failed to produce evidence that customer relations had been harmed. *Id.*

The unrefuted facts of this case, in contrast, show that plaintiff performed poorly and damaged customer relations. Unlike the situation in *Hopkins* and *Hicks,* defendants produced substantial evidence justifying plaintiff's discharge for reasons other than his decision to file for bankruptcy. Plaintiff failed to produce evidence from which a reasonable jury might conclude that he was discharged solely because of his insolvency, the filing of the bankruptcy, or the discharge of his debts. It is therefore

ORDERED that defendants' motion for summary judgment be, and the same hereby is, granted and that plaintiff's claim be dismissed on the merits.