Elviraida LARACUENTE, et al.,
Plaintiffs, Appellants,

v.

The CHASE MANHATTAN BANK,
Defendant, Appellee.

No. 89–1510.

United States Court of Appeals,
First Circuit.

Heard Oct. 6, 1989.

Decided Dec. 5, 1989.

**18**

Jose E. Fernandez–Sein, Rio Piedras, P.R., with whom Nachman & Fernandez–Sein, San Turce, P.R., was on brief, for plaintiffs, appellants.

Jay A. Garcia–Gregory, with whom Cynthia Navarro, Arturo Bauermeister, and Fiddler, Gonzalez & Rodriguez, San Juan, P.R., were on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, TIMBERS,* Senior Circuit Judge, and BREYER, Circuit Judge.

TIMBERS, Circuit Judge:

Appellants Elviraida Laracuente ("Laracuente") and her husband Angel L. Ginorio Hernandez ("Ginorio") (collectively "appellants") appeal from an order and judgment entered April 19, 1989 in the District of Puerto Rico, Gilberto Gierbolini, *District Judge,* which granted summary judgment in favor of Chase Manhattan Bank ("the Bank"), dismissing appellants' claim under the anti-discrimination provisions of the Bankruptcy Code, 11 U.S.C. § 525(b) (1988).

On appeal, appellants contend that the district court incorrectly adopted a restrictive, narrow view of § 525(b). Appellants argue that under the correct, broad construction of the anti-discrimination statute, they have established a prima facie case of employment discrimination which the Bank has failed to rebut by showing a legitimate reason for Laracuente's termination from the Bank. The Bank contends that the district court, in granting its motion for summary judgment, correctly followed the plain language of the statute. The Bank also contends that, even assuming that appellants' statutory construction is the correct one, appellants did not establish a prima facie case of discrimination. Moreover, the Bank contends that, even if appellants have established a prima facie case, it has rebutted such case with a legitimate business reason for Laracuente's termination.

For the reasons set forth below, we affirm the district court's order granting summary judgment in favor of the Bank.

---

* Of the Second Circuit, sitting by designation.

## I.

We shall summarize only those facts and prior proceedings believed necessary to an understanding of the issues raised on appeal.

■ As a threshold matter, we are mindful that, since this is an appeal from summary judgment in favor of the Bank, we review the facts in the light most favorable to appellants. We find, however, that appellants have committed a procedural defect by not including a statement of contested issues of material facts along with their opposition to the Bank's motion for summary judgment, as required by Local Rule 311.12 of the United States District Court of Puerto Rico. In accordance with that rule, the district court properly considered the Bank's statement of material facts as uncontroverted and found them to have been admitted by appellants. *Alvarado–Morales v. Digital Equip. Corp.*, 843 F.2d 613, 615 (1st Cir.1988). With this in mind, we turn to the relevant facts.

Laracuente began working as a consumer credit department coordinator for the Bank on January 20, 1975. Her responsibilities included receiving loan applications, verifying their completeness, requesting credit checks from the United Credit Bureau, referring the completed applications to her supervisors, and making recommendations on loan applications.

On May 23, 1985, the Bank commenced an action in local court in an attempt to collect on a defaulted loan to Raul Hernandez Munoz ("Hernandez"). At a pretrial conference, legal representatives of Hernandez asserted that he was induced and pressured to sign for the loan by his employers at Glenview Bakery, appellants Ginorio and Laracuente. The Bank began an investigation of this situation. It discovered various loans made to Laracuente's family members and employees that were in default.

With respect to the loan made to Hernandez, the Bank learned that Ginorio asked Hernandez to take out a loan to be invested in the financially ailing bakery. Ginorio told Hernandez that, if he did not take out the loan, he would be dismissed from his employment. On July 7, 1983, Hernandez applied for a $2500 loan. He was interviewed by Laracuente, who identified Hernandez and his employment and initialed the application to that effect. She recommended that he state that the loan was for house repairs. He was approved for the loan and gave the coupon book to Ginorio. He lent the loan proceeds to appellants for their business. Appellants made payments on the loan until they filed for bankruptcy. Hernandez is listed as a creditor for $2400 on the amended schedule filed by appellants in the Bankruptcy Court.

On December 26, 1978, Laracuente participated in the application process for a $4,000 loan to her brother, Jose Luis Laracuente. Laracuente identified her brother and initialed the application to that effect. The stated purpose of the loan was the purchase of home furniture and Christmas expenses. The loan was approved. Laracuente and her husband Ginorio made payments on the loan and later offered to assume responsibility for the loan. The loan was in default at the time the bankruptcy petition was filed on February 8, 1984.

On August 1, 1980, Laracuente participated in the application process for a $1500 loan to her sister-in-law, Neyda Rodriguez Burgos. The loan application was co-signed by Elizabeth Nunez Torres ("Nunez"). Laracuente identified her sister-in-law and initialed the application to that effect. The information on the application regarding Nunez was incorrect; her signature was forged, and her address and salary were misstated. When Nunez learned that an agent attempted to collect on the loan, she went to the Bank to inform Laracuente of the forgery. Laracuente told Nunez not to worry since her sister-in-law was making payments on the loan. Laracuente did not inform the Bank of this meeting, nor did she inform the Bank of the forgery.

On February 28, 1981, Herminio Rodriguez Torres ("Rodriguez"), an employee of Ginorio at the Glenview Bakery, solicited a loan for $3,000 from the Bank. Laracuente

participated in the loan process by filling out the application in her own handwriting, identifying Rodriguez and initialing the application to that effect. The stated purpose of the loan was the purchase of an automobile for another person.

On February 8, 1984, appellants filed a voluntary petition under Chapter 13 of the Bankruptcy Code. In a proposed draft of an employment evaluation regarding Laracuente dated January 30, 1984, her former supervisor, Quintiliano Ramos, mentioned her economic problems. The draft was returned by a member of the Bank's Human Resources Department, who told him to delete any references to Laracuente's economic problems.

On August 1, 1985, almost eighteen months after appellants filed for bankruptcy, Laracuente was dismissed from her employment, allegedly because of information discovered during the Bank's investigation.

On October 8, 1985, appellants commenced the instant action pursuant to the anti-discrimination provision of the Bankruptcy Code, 11 U.S.C. § 525(b). They alleged that Laracuente was discharged wrongfully by the Bank because appellants had filed for bankruptcy. The Bank filed a motion for summary judgment, contending that Laracuente was dismissed for legitimate business reasons, and not because she filed for bankruptcy. Appellants filed an opposition to the motion, asserting that there were questions of material fact regarding the reasons for her termination. In support of this opposition, appellants filed an affidavit by Luis Rios ("Rios"), a former employee of the Bank, who stated that, after Laracuente was fired, an officer of the Bank, as well as the branch manager, told him that Laracuente's dismissal was due to her bankruptcy status. Rios also stated that it was not uncommon for employees of the Bank to have relatives take out loans for the employees' use and benefit. He referred to two specific instances in which loans apparently were made to relatives of the Bank's employees.

According to Rios, the proceeds of these loans were given to the employees who paid the loan installments.

On April 19, 1989, the district court granted summary judgment in favor of the Bank, holding that appellants failed to produce evidence from which a reasonable jury might conclude that Laracuente's bankruptcy status was the sole reason for her termination. The court found that the Bank produced substantial evidence justifying Laracuente's discharge for reasons other than her decision to file for bankruptcy. In granting the Bank's motion for summary judgment, the court applied the plain meaning of the "solely because" test under § 525(b).

On appeal, appellants contend that the district court incorrectly construed § 525(b). They assert that the burden of proof requirements for proving a discriminatory discharge under § 525(b) should be approached in precisely the same manner as in cases involving charges of discrimination because of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e *et seq.* (1988) ("Title VII"). They assert that, under the correct, liberal approach, they have established a prima facie case of discrimination, which the Bank has failed to rebut by showing a legitimate reason for the termination. They rely principally on the Rios affidavit, which they say contains direct evidence of discrimination.

The Bank contends that the correct statutory construction of § 525(b) is narrow and should be limited in scope to the plain language of the statute. Under this approach, the Bank asserts that the district court properly granted summary judgment based on the uncontroverted fact that Laracuente was not fired solely because of her bankruptcy status but for the legitimate reason that she was defrauding the Bank. The Bank also asserts that, even assuming that the statutory approach urged by appellants is correct, appellants failed to establish a prima facie case of discrimination. It further asserts that, even if appellants did establish a prima facie case, the Bank has articulated a legitimate, nondiscriminatory reason for Laracuente's dismissal.

## II.

Under Fed.R.Civ.P. 56(c), a motion for summary judgment may be granted only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." We have held repeatedly, however, that the " 'mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.' " *Rossy v. Roche Products, Inc.*, 880 F.2d 621, 623–24 (1st Cir.1989) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)) (emphasis in original). There is no genuine issue unless "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). We have stated recently that "[s]ummary judgment will be precluded if there is a dispute 'over facts that might affect the outcome of the suit under the governing law.' " *Menard v. First Sec. Services Corp.*, 848 F.2d 281, 285 (1st Cir. 1988) (quoting *Anderson, supra*, 477 U.S. at 248). And in reviewing an order granting summary judgment, our standard of review is as follows:

" '[W]e must view the record in the light most favorable to the party opposing the motion, and must indulge all inferences favorable to that party. The party opposing the motion, however, may not rest upon mere allegations; it must set forth specific facts demonstrating that there is a genuine issue for trial' ".

*Menard, supra*, 848 F.2d at 285 (quoting *Oliver v. Digital Equip. Corp.*, 846 F.2d 103, 105 (1st Cir.1988)); *accord, Rossy, supra*, 880 F.2d at 624.

## III.

The anti-discrimination provisions of the Bankruptcy Code here involved are as follows:

"(b) No private employer may terminate the employment of, or discriminate with respect to employment against, an individual who is or has been a debtor under this title, a debtor or bankrupt under the Bankruptcy Act, or an individual associated with such debtor or bankrupt, *solely because* such debtor or bankrupt—

(1) is or has been a debtor under this title or a debtor or bankrupt under the Bankruptcy Act;

(2) has been insolvent before the commencement of a case under this title or during the case but before the grant or denial of a discharge; or

(3) has not paid a debt that is dischargeable in a case under this title or that was discharged under the Bankruptcy Act".

11 U.S.C. § 525(b) (emphasis added).

As this is a relatively recent statute,[1] few cases have construed subsection (b) and the meaning of "solely because". Statutory construction of the phrase "solely because" may be dispositive of whether the district court erred in granting the Bank's motion for summary judgment.

In construing § 525(b), most courts have applied the plain meaning of the statute. *E.g., Stockhouse v. Hines Motor Supply, Inc.*, 75 B.R. 83, 85 (D.Wyo.1987); *In re Hopkins*, 66 B.R. 828, 831 (Bkrtcy.W.D. Ark.1986); *In re Hicks*, 65 B.R. 980, 983 (Bkrtcy.W.D.Ark.1986). In *Stockhouse*, for example, the court stated that "[a]n employer may dismiss an employee for any cause unrelated to the employee's recourse to the bankruptcy laws ... [Thus], plaintiff's claim is defeated by a showing that his bankruptcy status was not the *sole reason* for his termination." *Stockhouse, supra*, 75 B.R. at 85 (emphasis added) (citations omitted).

Appellants contend that applying a restrictive, narrow view of the phrase "solely because" defeats the purpose of the statute since no claimant would be able to prove his or her case. They assert that the burden of proof requirements in a § 525(b) case should be the same as those in a Title

---

**1.** Section 525(b) was added in 1984 as an amendment to the Bankruptcy Code.

VII case.[2] Under appellants' approach in the instant case, once they have made out a prima facie case of discrimination, the burden should fall upon the Bank to establish legitimate, nondiscriminatory reasons for its actions. If the Bank sustains its burden, then appellants would have the opportunity to show that the Bank's articulated reasons were pretextual.

A recent district court case supports appellants' view of § 525(b). *Bell v. Sanford–Corbitt–Bruker*, No. CV186–201 (S.D.Ga. Sept. 14, 1987) (LEXIS, Genfed library, Courts file). In *Bell*, the court suggested that "solely" within the context of § 525(b) should be defined as "played a significant role" or "but for". The court held that a narrow interpretation of the word "solely" conflicts with the policies of the Bankruptcy Act since it would be impossible for a claimant to prove that his or her employer fired the claimant due only to bankruptcy. Accordingly, the court, "in the absence of authority in the context of § 525(b), conclude[d] that burden of proof allocations for proving a discriminatory discharge due to bankruptcy should be framed by analogy to race, color, religion, sex, or national origin cases." *Bell, supra* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973)). Under that approach, once a member of the class protected by § 525(b) makes out a prima facie case of discriminatory discharge, the employer must establish a legitimate, nondiscriminatory reason for the action.

Our analysis of § 525(b) begins, as it must, with the language of the statute. *Irons v. Federal Bureau of Investigation,*

**2.** In support of this broad statutory construction, appellants rely on cases that have construed liberally 11 U.S.C. § 525(a) (as distinguished from § 525(b)). *E.g., In re Watts*, 76 B.R. 390, 404 (Bkrtcy.E.D.Pa.1987); *In re Metro Transportation Co.*, 64 B.R. 968, 975 (Bkrtcy.E.D.Pa.1986). Section 525(a), the anti-discrimination provision which applies to governmental units, uses the same "solely because" language as § 525(b). In *In re Metro Transportation Co., supra*, 64 B.R. at 975, the court approached § 525(a) in the same manner as in a discrimination charge in employment, housing, or public accommodations because of race, color, religion, sex, or national origin. In rejecting a narrow reading of § 525(a), the court held that

> "[i]t would be quite impossible—or at least unlikely—that the governmental unit could be found to have acted adversely on the grounds of a debtor's bankruptcy filing rather than at least partially upon consideration of the financial circumstances of the debtor which led to the bankruptcy filing. It is also unlikely that a governmental body cognizant of § 525(a) will concede that it acted exclusively on the basis of a bankruptcy filing. Therefore, we believe that adverse governmental actions concerning which a bankruptcy filing appears to have played a significant role are proscribed by § 525(a)".

Other courts have construed § 525(a) narrowly. *In re Exquisito Services, Inc.*, 823 F.2d 151, 153 (5th Cir.1987) (citing cases). In *In re Exquisito Services*, the Fifth Circuit researched the legislative history of § 525(a) and found that the "better approach is taken by other courts that have focused on the specific language of the section, and have read the legislative history more narrowly." *Id.* (citing cases). The court stated that those courts "have generally required proof that the discrimination was caused solely by the debtor's status, holding that only differentiation between debtor and non-debtor is precluded by the statute." *Id.*

In adopting a narrow construction approach to § 525(a), the Fifth Circuit made the following observations with respect to the legislative history:

> "The bill, as originally proposed, prohibited discriminatory treatment because one was a debtor or had failed to pay a debt discharged in bankruptcy. Report of the Commission on the Bankruptcy Laws of the United States, H.R. Doc. No. 93–137, 93d Cong., 1st Sess., Pt. 2 at 143–44 (1973). However, the wording generated substantial controversy.
>
> Extensive hearings before the House Subcommittee on Civil and Constitutional Rights and the Senate Subcommittee on Improvements in Judicial Machinery revealed serious concerns that the language was too broad. *See, e.g., Hearings on S. 234 and S. 236 Before the Senate Subcomm. on Improvements in Judicial Machinery*, 94th Cong., 1st Sess. Pt. 1 at 129, 146, 173 (1975); *id.*, Pt. 2 at 433, 479, 486. Thereafter the bill was redrafted to specify that discrimination by the government in some enumerated functions was prohibited. *Id.* Pt. 2 at 440; House Report at 6323 and Senate Report at 5867."

*Id.* The court found further support for a narrow reading of § 525(a) in the Senate and House Reports, which emphasize that the statute proscribes only discrimination based solely on the debtor's status. *Id.* at 153–54. (citing Senate Report at 5867 and House Report at 6126).

Although we find the Fifth Circuit's decision to be persuasive, our inquiry in the instant case ends where, as here, the plain language of the statute is unambiguous. *Garcia v. United States*, 469 U.S. 70, 75 (1984).

880 F.2d 1446, 1449 (1st Cir.1989) (en banc) (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 756 (1975) (Powell, J. concurring)). The ordinary meaning of words expresses the underlying legislative purpose of the statute. *Irons, supra,* 880 F.2d at 1449 (quoting *American Tobacco Co. v. Patterson,* 456 U.S. 63, 68 (1982)).

■ In view of well-settled rules of statutory construction, we find that the *Bell* decision rests on tenuous grounds and we decline to follow it. Contrary to the reasoning in *Bell,* we believe that, in the absence of a clearly expressed legislative intention to the contrary, the plain language of the statute is conclusive. *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108 (1980). Further, absent ambiguity in the statutory language, our inquiry is complete and ends with the plain language of the statute. *Garcia v. United States,* 469 U.S. 70, 75 (1984). We decline appellants' invitation to construe § 525(b) liberally.

■ We agree with the district court in the instant case that a fundamental element of a § 525(b) claim is that the insolvency, the filing of bankruptcy, or the discharge of a debt is the *sole reason* for discriminatory treatment by an employer.

### IV.

■ Under the plain language of § 525(b), we hold that appellants' claim is defeated by the clear showing that Laracuente's bankruptcy status was not the sole reason for her termination. The district court found that "defendant has submitted affidavits to the effect that plaintiff Laracuente abused her position of trust with the bank to take out loans for employees of her husband, which were in fact for plaintiffs." [3] In view of these uncontro-verted affidavits, we agree with the district court that the Bank was entitled to summary judgment. [4] The record clearly supports the conclusion that Laracuente's discharge was not due solely to the bankruptcy petition, but occurred as a result of the Bank's investigation of Laracuente's participation in loans to family members and her husband Ginorio's employees. Appellants have failed to show that there is a genuine issue of material fact.

Further, even if we were to analyze appellants' claim under a broad construction of § 525(b), our decision to affirm the district court's summary judgment in favor of the Bank would not change. Assuming that the proper statutory construction is that articulated by the court in *Bell, supra*—that "solely because" is defined as "played a significant role" or "but for"—appellants arguably might be said to have established a prima facie case of discrimination based on the Rios affidavit—discrimination based on claimant's bankruptcy status. Even if appellants had sustained their burden by establishing a prima facie case, summary judgment in favor of the Bank would not automatically be precluded. As we previously have stated,

> "[a]lthough the prima facie case creates a presumption of discrimination, 'it is clear that merely making out a prima facie case does not automatically save appellant from a summary judgment motion. 'Indeed, the inference of discrimination created by the prima facie case is dispelled once the employer's reason is stated, until and unless the latter is shown to be pretext.' '"

*Rossy, supra,* 880 F.2d at 625 n. 3 (quoting *Dea v. Look,* 810 F.2d 12, 15–16 (1st Cir. 1987) (quoting *Loeb v. Textron, Inc.,* 600 F.2d 1003, 1015 (1st Cir.1979))).

**3.** Also, according to the district court, even though Rios stated in his affidavit that it was common practice for employees of the Bank to have relatives take out loans for the employees' use and benefit, there is no allegation by appellants that other such employees failed to report that critical information regarding those loans was falsified. Nor, we might add, did Rios' affidavit indicate that the Bank ever knew of this "common practice."

**4.** Moreover, as the district court stated, "the likelihood that a plaintiff's termination was 'solely' due to her filing for bankruptcy diminishes as the length of time between the bankruptcy and the alleged discrimination increases." Here, Laracuente was not discharged until one and a half years after the bankruptcy petition was filed.

**24**

In view of the uncontroverted facts before the district court, we hold that the Bank articulated a legitimate business reason for Laracuente's termination, which appellants failed to show was a pretext for discrimination. In short, the Bank would have fired Laracuente regardless of her bankruptcy status, once it discovered her participation in the loans. Accordingly, we hold that, even under the so-called liberal, "but for", approach to § 525(b), the district court properly granted the Bank's motion for summary judgment. *In re Tinker,* 99 B.R. 957 (Bkrtcy.W.D.Mo.1989) (judgment for employer under either literal approach or "but for" approach to § 525(b)).

### V.

To summarize:

In view of the uncontroverted facts, we hold that the district court properly granted the Bank's motion for summary judgment. In reaching our decision, we apply the plain language of § 525(b), which proscribes discrimination by a private employer against an individual "solely because" of her bankruptcy status. Appellants have failed to adduce sufficient evidence to raise a genuine issue of material fact as to whether Laracuente's termination was due solely to the filing of appellants' bankruptcy petition. Moreover, even assuming that the burden of proof requirements in a § 525(b) case were the same as those in a Title VII case, the Bank would still prevail. We hold that, even if it might be said that appellants established a prima facie case of discrimination, the Bank rebutted any inference of discrimination by showing a legitimate business reason for its action.

AFFIRMED.