April 26, 1993
[NOT FOR PUBLICATION]
UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-2372

CONSULTANTS IN TECHNOLOGY, INC.,
FERNANDO SULSONA-NIEVES,
ROSA MERCEDES RAMIREZ-FREYRE AND THE
CONJUGAL PARTNERSHIP COMPOSED BY THEM,

Plaintiffs, Appellants,

v.

ELIAS CRUZ-FERNANDEZ,
FLORENCIO BRITO-MONTERO, AND JANE DOE
AND THE CONJUGAL PARTNERSHIP COMPOSED BY THEM,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jaime Pieras, Jr., U.S. District Judge]

Before

Breyer, Chief Judge,

Bownes, Senior Circuit Judge,

and Boudin, Circuit Judge.

Wallace Vazquez Sanabria, on brief for appellants.

Enrique G. Figueroa Llinas, Jos F. Cardona Jimenez and

Rivera Iturbe & Cardona Jimenez, on brief for appellee Elias

Cruz-Fernandez.
Manuel Moreda-Toledo, Marisa Rivera-Barrera and Sweeting

Gonzalez Cestero & Bruno, on brief for appellee Florencio Brito-

Montero.

BOWNES, Senior Circuit Judge. Plaintiffs,

Consultants in Technology, Inc. ("CTI"), Fernando Sulsona

Nieves ("Sulsona") and Rosa Mercedes Ramirez Freyre

("Ramirez"), appeal the district court's order of summary

judgment entered against them in their suit against

defendants Elias Cruz Fernandez ("Cruz") and Florencio Brito

Montero ("Brito") for violations of federal securities laws

and various laws of Puerto Rico. Defendants' summary

judgment motion was unopposed. We affirm.

I.

Background

CTI, a Puerto Rico corporation controlled by

Sulsona and Ramirez, acquired the stock of Libreria Alma

Mater, Inc. ("Alma Mater"), a corporation engaged in the

wholesale and retail distribution of textbooks. Plaintiffs

also engaged in negotiations with defendants for the purchase

of two other corporations engaged in the publication and sale

of textbooks, Librotex, Inc. ("Librotex") and Editorial

Librotex, Inc. ("Editorial Librotex"). When the sale of

Librotex and Editorial Librotex fell through, plaintiffs

brought suit for alleged violations of "the Securities Act,"

"the Securities and Exchange Act," and "the Uniform

Security's [sic] Laws of Puerto Rico," and sought further

relief under Puerto Rico tort and contract laws. Plaintiffs

alleged that they were fraudulently induced to purchase Alma

-2-

Mater's stock by defendants' promise to sell plaintiffs the

stock of the other two publishing companies.

Plaintiffs moved for partial summary judgment,

which motion was opposed by defendants on the grounds that

plaintiffs' motion failed to: (1) "present an adequate

statement of the relevant substantive law to be applied to

the facts of this case;" and (2) "comply with Local Rule

311.2 which in its pertinent portion establishes that

`motions shall be accompanied by a brief which shall contain

a concise statement of reasons in support of the motion, and

citations of authorities upon which the movant relies.'" The

district court agreed and struck plaintiffs' motion for

summary judgment from the record.

Defendants moved for summary judgment on the

grounds that: (1) "the Security Act, 15 USCA 77[q](a), does

not provide a private cause of action for fraud in the sale

of securities;" (2) "the Security Exchange Act, 15 USCA

78(j)(b), [17] CFR [240], Rule 10[]b[][-][]5, fraud action

is limited to the actual sale or purchase of securities. No

private action is provided in cases where an offer to sale

[sic] stocks is not consummated. In this case, the offer to

sell Librotex and Editorial [Librotex] was not consummated;"

and (3) there were, in any event, no facts that a reasonable

jury could find to support the contention that the sale of

Alma Mater was fraudulently induced by promises that the sale

-3-

of Librotex and Editorial Librotex would closely follow

plaintiffs' purchase of Alma Mater.

On June 16, 1992, when plaintiffs failed to respond

to defendants' summary judgment motion, after having been

granted two extensions of time in which to do so, the court

deemed defendants' motion to be unopposed. Despite that

ruling, plaintiffs filed a response on July 10 in which they

claimed that their complaint relied not only on section 17 of

the Securities Act of 1933, but also on sections 12 and 15.

The district court disregarded the plaintiffs' untimely

response.

The district court agreed with defendants'

characterization of the complaint, and, in an order issued on

July 31, held that: (1) there is no implied private right of

action in section 17(a) of the Securities Act of 1933, 15

U.S.C. 77q(a); and (2) plaintiffs lacked standing to sue

under Rule 10b-5 because plaintiffs were not "purchasers" of

either Librotex or Editorial Librotex. After granting

summary judgment, the court dismissed the pendent Puerto Rico

law claims, and awarded costs and attorney's fees on the

ground that plaintiffs had failed to file a timely response

to defendants' summary judgment motion.

The court subsequently ordered plaintiffs to pay

costs in the amount of $3,425.01, but denied defendants'

motion for attorney's fees in the amount of $28,745 because

-4-

the submitted bill was neither sufficiently detailed nor was

it prepared contemporaneously with the work performed.

Defendants filed a motion for reconsideration of the order

denying the award of attorney's fees and to amend the motion

for attorney's fees. The record does not indicate whether,

when or how the district court disposed of that motion.

Plaintiffs appeal the district court's grant of

summary judgment, dismissal of pendent Puerto Rico law

claims, and the award of attorney's fees.

II.

Standard of Review

Review of a summary judgment order places this

court on a well-worn and familiar path. Rule 56(c) of the

Federal Rules of Civil Procedure provides that summary

judgment is appropriate "if the pleadings, depositions,

answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law." Fed. R. Civ. P.

56(c). Interpreting this rule, the Supreme Court held that

the plain language of Rule 56(c) mandates
the entry of summary judgment, after
adequate time for discovery and upon
motion, against a party who fails to make
a showing sufficient to establish the
existence of an element essential to that
party's case, and on which that party
will bear the burden of proof at trial.

-5-

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Rule

56(e) provides that

[w]hen a motion for summary judgment is
made and supported as provided in this
rule, an adverse party may not rest upon
the mere allegations or denials of the
adverse party's pleadings, but the
adverse party's response must set forth
specific facts showing that there is a
genuine issue for trial. If the adverse
party does not so respond, summary
judgment, if appropriate, shall be
entered against the adverse party.

Fed. R. Civ. P. 56(e).

Review of a district court's summary judgment order

is plenary, and we review the entire record in the light most

favorable to the nonmoving party. Fragoso v. Lopez, No. 92-

2046, slip op. at 18 (1st Cir. April 5, 1993); Mesnick v.

General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991), cert.

denied, 112 S. Ct. 2965 (1992); Griggs-Ryan v. Smith, 904

F.2d 112, 115 (1st Cir. 1990); Garside v. Osco Drug, Inc.,

895 F.2d 46, 48 (1st Cir. 1990).

In this case, we are faced with the somewhat

unusual circumstance of an appeal of a summary judgment by a

nonmoving party who failed to oppose the summary judgment

motion. Local Rule 311.12 of the United States District

Court for the District of Puerto Rico provides, in relevant

part:

Upon any motion for summary judgment,
there shall be served and filed annexed
to the motion a separate, short, and
concise statement of the material facts

-6-

as to which the moving party contends
there is no genuine issue to be tried and
the basis of such contention as to each
material fact, properly supported by
specific reference to the record.
All material facts set forth in the

statement required to be served by the

moving party will be deemed to be

admitted unless controverted by the

statement required to be served by the

opposing party.

(Emphasis supplied.) This court has consistently upheld

Local Rule 311.12. Rivas v. Federacion de Associaciones

Pecurias, 929 F.2d 814, 816 n.2 (1st Cir. 1991); Laracuente

v. Chase Manhattan Bank, 891 F.2d 17, 19 (1st Cir. 1989);

Alvarado-Morales v. Digital Equip. Corp., 843 F.2d 613, 615

(1st Cir. 1988).

It is firmly established that after movants aver

pursuant to Fed. R. Civ. P. 56(c) that there is "an absence

of evidence to support the nonmoving party's case," Celotex,

477 U.S. at 325, the burden shifts to the nonmovants to

establish the existence of at least one genuine issue of

material fact. Garside, 895 F.2d at 48. On this appeal, we

read the record in the light most favorable to the

plaintiffs, with the exception of those material facts

asserted by defendants in support of their summary judgment

motion which facts were admitted by plaintiffs when they

failed to timely respond to defendants' motion for summary

judgment.

-7-

III.

Discussion

Based on defendants' recitation of material facts

which accompanied their motion for summary judgment, and the

rest of the record before it, the district court properly

granted summary judgment as to plaintiffs' claims of

securities fraud. The district court found that the

following evidence was uncontested:

1. The offer to sell the stock of
Librotex and Editorial Librotex was
limited to those two companies and was
independent of the sale of Alma Mater.
2. Plaintiffs have admitted on
several different occasions that the
purchase of Librotex and Editorial
Librotex was not consummated because
plaintiffs lacked the financing to
purchase the two companies.
3. In the agreement which consummated
the sale of Alma Mater to plaintiffs, no
representation was made by defendants
regarding the future sale of Librotex and
Editorial Librotex; in fact, in clause 17
of the agreement, the parties stated
without limitation that no other
agreements existed between them as of
that date.

The court reached these conclusions based on

documentary evidence provided by defendants in support of

their motion for summary judgment. That evidence

demonstrated that the Alma Mater transaction was completely

independent of any contemplated sale of Librotex or Editorial

Librotex. Defendants' statement of undisputed material facts

was adequately supported by defendants' sworn statements and

-8-

deposition testimony. Indeed, at the initial scheduling

conference, the parties stipulated that the Alma Mater

agreement "embodied the entire understanding of the parties

and that there were no further or other agreements or

understandings written or oral in effect between the

parties." The Alma Mater agreement contained no mention of

the prospective sale of Librotex or Editorial Librotex.

Plaintiffs offered no facts to support their claim

that defendants falsely represented to plaintiffs that the

Alma Mater sale was linked to the sales of Librotex and

Editorial Librotex. Therefore plaintiffs failed to meet

their burden to support their claim as required by Fed. R.

Civ. P. 56(e). We see no reason to disturb the district

court's findings of undisputed facts, and therefore affirm

the district court's grant of summary judgment. We note,

however, that our decision should not be taken as an

affirmance of the district court's holding regarding private

rights of action under section 17(a) of the Securities Act of

1933, 15 U.S.C. 77q(a). That issue has not yet been

decided by either the Supreme Court or the First Circuit.

See Eichler v. Berner, 472 U.S. 299, 304 n.9 (1985); Cleary

v. Perfecture, Inc., 700 F.2d 774, 779 (1st Cir. 1983). The

district court need not have reached that question in this

case, especially when plaintiffs failed to identify the

-9-

specific sections of the federal securities laws on which

they based their claims.

The district court appropriately dismissed the

pendent state law claims. As the Supreme Court has held,

"when the federal-law claims have dropped out of the lawsuit

in its early stages, and only state-law claims remain, the

federal court should decline the exercise of jurisdiction by

dismissing the case without prejudice." Carnegie-Mellon

Univ. v. Cohill, 484 U.S. 343, 350 (1987); see also United

Mine Workers v. Gibbs, 383 U.S. 715 (1966).

We decline to discuss plaintiffs' claim that the

court's award of attorney's fees was improper. Under Local

Rule 11 of the First Circuit Court of Appeals, "[i]n addition

to an appellant's duties under FRAP 11(a), it is appellants

responsibility to see that the record, as certified, is

complete." In the absence of a complete record, we lack any

basis to set aside the district court's order awarding

attorney's fees, assuming such an order was entered.

Affirmed.

-10-