[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1596

 UNITED STATES,

 Plaintiff, Appellee,

 v.

 JULIO CESAR PADIN-TORRES
 AND PRUDENTIAL MORTGAGE CORPORATION,

 Defendants, Appellants.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Salvador E. Casellas, U.S. District Judge]

 Before

 Stahl, Circuit Judge,
 Coffin, Senior Circuit Judge,
 and Lipez, Circuit Judge.

 Julio C. Padin-Torres on brief pro se.
 Frank W. Hunger, Assistant Attorney General, Guillermo Gil,
United States Attorney, Michael F. Hertz, Stephen D. Altman,
Douglas N. Letter, and Michael D. Granston, Attorneys, Civil
Division, Department of Justice, on brief for appellee.

June 16, 1999

 Per Curiam. In 1991, appellant Julio Cesar Padin-
Torres (Padin) pled guilty to three offenses arising out of his
operation of Prudential Mortgage Corporation (Prudential), a
mortgage lending institution participating in the "mortgage-
backed securities program" of the Government National Mortgage
Association (GNMA). See United States v. Padin-Torres, 988
F.2d 280 (1st Cir. 1993). The government thereafter filed the
instant action against Padin and Prudential, seeking damages
pursuant to, inter alia, the False Claims Act (FCA). 31 U.S.C.
 3729-32. From an award of summary judgment under the FCA in
the government's favor, Padin now appeals on a pro se basis. 
Having reviewed his arguments in detail, we summarily affirm.
 Padin has not seriously contested any of the issues
addressed by the magistrate-judge. For example, he has not
bothered to cite to the key decision supporting the
government's theory of recovery. United States v. Rivera, 55
F.3d 703 (1st Cir. 1995). Nor has he challenged the ruling that
the government's "statement of material facts" would be deemed
admitted because of his noncompliance with a local rule. See,
e.g., Laracuente v. Chase Manhattan Bank, 891 F.2d 17, 19 (1st
Cir. 1989) (endorsing such a ruling). We find the magistrate-
judge's reasoning to be fully supportable and therefore adopt
that analysis here. 
 Padin has advanced various other arguments that were
not presented to the magistrate-judge. Some (such as whether
the 1986 amendments to the FCA apply) were first raised before
the district judge; others (such as whether the action is
barred on double jeopardy grounds) are being articulated for
the first time on appeal. These contentions have thus been
waived. See, e.g., Borden v. Secretary of HHS, 836 F.2d 4, 6
(1st Cir. 1987) (per curiam) (warning that parties must take
"not only their 'best shot' but all of their shots" before the
magistrate-judge) (internal quotation omitted); Malave v.
Carney Hosp., 170 F.3d 217, 222 (1st Cir. 1999) (noting that
"except in the most extraordinary circumstances ..., matters
not raised in the trial court cannot be hawked for the first
time on appeal"). No justification has been offered for
overlooking these requirements here. We find Padin's
contentions to be without merit in any event.
 Finally, the instant case presents no occasion to
undertake a second review of Padin's criminal conviction.
 Affirmed. See Loc. R. 27.1. The "emergency
informative motion" is denied.