[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 01-1273

RAC ENTERPRISES, INC.,

Plaintiff,

RAFAEL A. CARBALLO-COLLAZO, JOSEFINA CARBALLO, CONJUGAL
PARTNERSHIP CARBALLO-CARBALLO, VIVIAN CARBALLO-ARROYO,

Plaintiffs, Appellants,

v.

SOUTHCORP USA, INC., PLAN ADMINISTRATOR
FOR THE SOUTHCORP, INC. PENSION PLAN FOR SALARIED
EMPLOYEES, SOUTHCORP USA, INC., 401 (K) RETIREMENT SAVINGS
PLAN FOR PUERTO RICO EMPLOYEES, AMERICAN EXPRESS
FINANCIAL ADVISOR, INC., FERNANDO HERNANDO, NORTH AMERICAN PACKAGING
OF PUERTO RICO, INC.,

Defendants, Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Boudin, Chief Judge,

and Torruella and Lynch, Circuit Judges.

_Luis A. Vivaldi-Oliver_ for appellants.

_Luis A. Oliver-Fraticelli_ with whom _Fiddler, Gonzalez & Rodriguez LLP_ was on brief for appellees Southcorp USA, Inc.; Plan Administrator for the Southcorp, Inc. Pension Plan for Salaried Employees; Southcorp USA, Inc., 401 (K) Retirement Savings Plan for Puerto Rico Employees; and North American Packaging of Puerto Rico, Inc.

November 15, 2001

**Per Curiam.** Rafael A. Carballo-Collazo, Josefina Carballo, their conjugal partnership, and Vivian Carballo-Arroyo (collectively, "RAC") appeal the district court's grant of summary judgment for North American Packaging of Puerto Rico, Inc. ("NAMPAC") in this dispute over pension benefits and investment advice. The other named defendants were not served and they were properly dismissed.

The district court found that RAC had failed to provide, in opposing summary judgment, "a separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, properly supported by specific reference to the record." D.P.R. Loc. R. 311.12. RAC did indeed utterly fail to provide specific record citations. As the quoted rule provides, the court responded to RAC's omission by deeming admitted the facts as NAMPAC gave them in its own, proper statement. It then entered summary judgment for NAMPAC.[1]

We have previously upheld the application of Local Rule 311.12 to appropriate cases. E.g., Corrada Betances v. Sea-Land Serv., Inc., 248 F.3d 40, 43-44 (1st Cir. 2001); Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 95 (1st Cir. 1996); Laracuente v. Chase Manhattan Bank, 891 F.2d 17, 19 (1st Cir. 1989). Our review of the record convinces us that this is such a case. We remind counsel that

---

[1] The district court also analyzed RAC's claims on their merits as though there had been no failure to comply with the Local Rules, and found them wanting on a number of grounds.

compliance with the directives of the district courts is necessary to the orderly conduct of litigation, and that this Court is largely unsympathetic to noncompliant parties. See Serra-Lugo v. Mayaguez Consortium-Las Marias, No. 01-1441, slip op. at 3-4 (1st Cir. Oct. 30, 2001) (per curiam). Accordingly, we also take the facts as set forth by NAMPAC.

The district court thoughtfully discussed the variety of reasons why RAC's claims failed. We have nothing to add to the district court's explanation of why NAMPAC is not liable to RAC. 1st Cir. Loc. R. 27(c). The judgment of the district court is therefore affirmed.