**In re John Kevin LEOPARD and Maria Kristina Leopard, Debtors.**

No. 98–5331–9P7.

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Jan. 3, 2002.

508

■■■

John Kevin Leopard, pro se.

Diane L. Jensen, Fort Myers, FL, trustee.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY,
Bankruptcy Judge.

■ It is important to note, at the outset, what is and what is not involved in the precise matter under consideration. In this Chapter 7 case of John Kevin and Maria Kristina Leopard (Debtors), this Court is not reviewing an appeal of a decision of the Lee County Construction Licensing Board (Board), which revoked the license of the Debtor, as a contractor to install tile and marble. Clearly, it is not within the competence of this Court to pass on the correctness of that decision. What is involved here is the issue of whether the decision of the Board was based on the sole fact that the Debtor sought relief in the bankruptcy court and obtained a discharge, and therefore, whether or not the Board violated 11 U.S.C. § 525(a). This precise issue is clearly within the competence of this Court.

The two pleadings that have framed the issue before this Court are as follows: (1) an Order To Show Cause (to Lee County), entered by this Court on October 26, 2000, and (2) Debtor's Motion for Summary Judgment, filed by the Debtor on August 31, 2001.

Based upon the Debtor's filing of the Motion for Summary Judgment, it is the Debtor's contention that there are no genuine issues of material fact that are in dispute, and based on the pleadings of record, this Court should, by summary judgment, find in favor of the Debtor. It is the Debtor's contention that the Board violated the protection granted to him by virtue of Section 525(a) of the Code because the permanent revocation of his license was based on the sole fact that he sought relief under Chapter 7 of the Code and obtained a discharge of his debts, including the debts incurred by him in connection with the operation of his contracting business.

In support of the this contention, the Debtor relies upon the following undisputed facts: that on April 2, 1998, the Debtors filed for Chapter 7 relief pursuant to 11 U.S.C. § 301; that on July 13, 1998, the Debtors received their discharge; that on October 8, 1998, the Board issued a probable cause finding (or in essence, an order to show cause) as to why the Board should not revoke the Tile and Marble Certification of Competency for the Debtor; and that on December 1, 1998, the Board held a hearing, revoked the Debtor's certification, and made a determination in violation of Section 525(a) of the Code. These facts are not disputed by the Board.

The record of this case established that there was an evidentiary hearing on December 1, 1998, before the Board, to consider several complaints lodged with the Board by customers who engaged the services of "Kevin Leopard," the Debtor. The Board charged the Debtor with incompetence and with several violations of the Lee County Ordinance No. 96–20. Specifically, the Board charged the Debtor with and concluded as follows:

1. The Debtor obtained his license with the submission of an improperly executed and procured letter of recommendation;

2. The Debtor was guilty of incompetence or misconduct in conducting his business in violation of § 9.A.16 of the Lee County Ordinance (LCO);

3. The Debtor violated § 8.K.10 of the LCO for operating his business and employing persons without obtaining workers' compensation insurance;

4. The Debtor failed to satisfy the requirement of verification of experience § 9.A.1 of the LCO;

5. The Debtor failed to complete jobs and failed to satisfy a civil judgment § 9.A.20 of the LCO; and

6. The Debtor committed mismanagement and misconduct in the practice of contracting causing financial loss to customers in violation of § 9.A.20 of the LCO and § 9.A.8.b. of the LCO for abandonment of jobs.

Based on the forgoing, the Board ruled that the Debtor's contractor's license be revoked permanently and fined the Debtor $1,000.

 Section 525(a) of the Code prohibits governmental units from denying, revoking, suspending, or refusing to renew a license, permit, charter, franchise, or other similar grant of a person who has been a debtor under the Code. The prohibition does not prohibit consideration of other factors such as future financial responsibility or ability. H.R.Rep. No. 595, 95th Cong. 1st Sess. 366–367 (1977); S.Rep. No. 989, 95th Cong.2d Sess. 81 (1978), U.S.Code Cong. & Admin.News 1977, pp. 5963, 5787. In the case of *Laracuente v. Chase Manhattan Bank*, 891 F.2d 17 (1st Cir.1989), the court held that the mere allegation of discrimination is not sufficient if there exists a sufficient non-bankruptcy justification for termination of employment. Although Section 525(b) of the Code was at issue in *Laracuente*, the analysis is applicable to the case at hand. *See also In re Exquisito Services, Inc.*, 823 F.2d 151 (5th Cir.1987)(narrowly construing section 525(a)).

 The evidence established at the hearing is totally devoid of any proof that the Debtor's license was revoked because he was a debtor under Chapter 7 of the Code. The closest charge relevant to a claimed violation of Section 525 was the Board's findings and conclusions that the Debtor violated § 9.A.20 of the LCO for failing to satisfy, within a reasonable time, a civil judgment. This inference from the record, even if it is justified, far outweighs numerous other totally independent non-bankruptcy related grounds that certainly would have fully supported the Board's decision. While it is true that one might conclude that the punishment may have been too harsh, that is a non sequitur and has no relevance to the precise issue before this Court.

This being the case, this Court is satisfied that the record is sufficient for this Court to determine that the Debtor is not entitled to any relief from this Court based on any violation by the Board.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Summary Judgment be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Order To Show Cause be, and the same is hereby, discharged as against the Board of County Commissioners of Lee County. This Court finds that the Lee County Construction Licensing Board, the board established by the Board of County Commissioners for Lee County, is not in violation of Section 525(a) of the Bankruptcy Code.