993 F.2d 1530
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
CONSULTANTS IN TECHNOLOGY, INC., Fernando Sulsona-Nieves,
Rosa Mercedes Ramirez-Freyre and The Conjugal
Partnership Composed by Them,
Plaintiffs, Appellants,
v.
Elias CRUZ-FERNANDEZ, Florencio Brito-Montero, and Jane Doe
and The Conjugal Partnership Composed by Them,
Defendants, Appellees.
 No. 92-2372.
 United States Court of Appeals,
First Circuit.
 April 26, 1993
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO
 Wallace Vazquez Sanabria, on brief for appellants.
 Enrique G. Figueroa Llinas, Jose F. Cardona Jimenez and Rivera Iturbe & Cardona Jimenez, on brief for appellee Elias Cruz-Fernandez.
 Manuel Moreda-Toledo, Marisa Rivera-Barrera and Sweeting Gonzalez Cestero & Bruno, on brief for appellee Florencio Brito-Montero.
 D. Puerto Rico
 AFFIRMED.
 Before Breyer, Chief Judge, Bownes, Senior Circuit Judge, and Boudin, Circuit Judge.
 BOWNES, Senior Circuit Judge.
 
 
 1
 Plaintiffs, Consultants in Technology, Inc. ("CTI"), Fernando Sulsona Nieves ("Sulsona") and Rosa Mercedes Ramirez Freyre ("Ramirez"), appeal the district court's order of summary judgment entered against them in their suit against defendants Elias Cruz Fernandez ("Cruz") and Florencio Brito Montero ("Brito") for violations of federal securities laws and various laws of Puerto Rico. Defendants' summary judgment motion was unopposed. We affirm.
 
 I.
 Background
 
 2
 CTI, a Puerto Rico corporation controlled by Sulsona and Ramirez, acquired the stock of Libreria Alma Mater, Inc. ("Alma Mater"), a corporation engaged in the wholesale and retail distribution of textbooks. Plaintiffs also engaged in negotiations with defendants for the purchase of two other corporations engaged in the publication and sale of textbooks, Librotex, Inc. ("Librotex") and Editorial Librotex, Inc. ("Editorial Librotex"). When the sale of Librotex and Editorial Librotex fell through, plaintiffs brought suit for alleged violations of "the Securities Act," "the Securities and Exchange Act," and "the Uniform Security's [sic] Laws of Puerto Rico," and sought further relief under Puerto Rico tort and contract laws. Plaintiffs alleged that they were fraudulently induced to purchase Alma Mater's stock by defendants' promise to sell plaintiffs the stock of the other two publishing companies.
 
 
 3
 Plaintiffs moved for partial summary judgment, which motion was opposed by defendants on the grounds that plaintiffs' motion failed to: (1) "present an adequate statement of the relevant substantive law to be applied to the facts of this case;" and (2) "comply with Local Rule 311.2 which in its pertinent portion establishes that 'motions shall be accompanied by a brief which shall contain a concise statement of reasons in support of the motion, and citations of authorities upon which the movant relies.' " The district court agreed and struck plaintiffs' motion for summary judgment from the record.
 
 
 4
 Defendants moved for summary judgment on the grounds that: (1) "the Security Act, 15 USCA § 77[q](a), does not provide a private cause of action for fraud in the sale of securities;" (2) "the Security Exchange Act, 15 USCA § 78(j)(b), CFR , Rule 10[ ]b[ ][-][ ]5, fraud action is limited to the actual sale or purchase of securities. No private action is provided in cases where an offer to sale [sic] stocks is not consummated. In this case, the offer to sell Librotex and Editorial [Librotex] was not consummated;" and (3) there were, in any event, no facts that a reasonable jury could find to support the contention that the sale of Alma Mater was fraudulently induced by promises that the sale of Librotex and Editorial Librotex would closely follow plaintiffs' purchase of Alma Mater.
 
 
 5
 On June 16, 1992, when plaintiffs failed to respond to defendants' summary judgment motion, after having been granted two extensions of time in which to do so, the court deemed defendants' motion to be unopposed. Despite that ruling, plaintiffs filed a response on July 10 in which they claimed that their complaint relied not only on section 17 of the Securities Act of 1933, but also on sections 12 and 15. The district court disregarded the plaintiffs' untimely response.
 
 
 6
 The district court agreed with defendants' characterization of the complaint, and, in an order issued on July 31, held that: (1) there is no implied private right of action in section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a); and (2) plaintiffs lacked standing to sue under Rule 10b-5 because plaintiffs were not "purchasers" of either Librotex or Editorial Librotex. After granting summary judgment, the court dismissed the pendent Puerto Rico law claims, and awarded costs and attorney's fees on the ground that plaintiffs had failed to file a timely response to defendants' summary judgment motion.
 
 
 7
 The court subsequently ordered plaintiffs to pay costs in the amount of $3,425.01, but denied defendants' motion for attorney's fees in the amount of $28,745 because the submitted bill was neither sufficiently detailed nor was it prepared contemporaneously with the work performed. Defendants filed a motion for reconsideration of the order denying the award of attorney's fees and to amend the motion for attorney's fees. The record does not indicate whether, when or how the district court disposed of that motion.
 
 
 8
 Plaintiffs appeal the district court's grant of summary judgment, dismissal of pendent Puerto Rico law claims, and the award of attorney's fees.
 
 II.
 Standard of Review
 
 9
 Review of a summary judgment order places this court on a well-worn and familiar path. Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Interpreting this rule, the Supreme Court held that
 
 
 10
 the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.
 
 
 11
 Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Rule 56(e) provides that
 
 
 12
 [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.
 
 
 13
 Fed. R. Civ. P. 56(e).
 
 
 14
 Review of a district court's summary judgment order is plenary, and we review the entire record in the light most favorable to the nonmoving party. Fragoso v. Lopez, No. 92-2046, slip op. at 18 (1st Cir. April 5, 1993); Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991), cert. denied, 112 S. Ct. 2965 (1992); Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990); Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990).
 
 
 15
 In this case, we are faced with the somewhat unusual circumstance of an appeal of a summary judgment by a nonmoving party who failed to oppose the summary judgment motion. Local Rule 311.12 of the United States District Court for the District of Puerto Rico provides, in relevant part:
 
 
 16
 Upon any motion for summary judgment, there shall be served and filed annexed to the motion a separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried and the basis of such contention as to each material fact, properly supported by specific reference to the record.
 
 
 17
 All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.
 
 
 18
 (Emphasis supplied.) This court has consistently upheld Local Rule 311.12. Rivas v. Federacion de Associaciones Pecurias, 929 F.2d 814, 816 n.2 (1st Cir. 1991); Laracuente v. Chase Manhattan Bank, 891 F.2d 17, 19 (1st Cir. 1989); Alvarado-Morales v. Digital Equip. Corp., 843 F.2d 613, 615 (1st Cir. 1988).
 
 
 19
 It is firmly established that after movants aver pursuant to Fed. R. Civ. P. 56(c) that there is "an absence of evidence to support the nonmoving party's case," Celotex, 477 U.S. at 325, the burden shifts to the nonmovants to establish the existence of at least one genuine issue of material fact. Garside, 895 F.2d at 48. On this appeal, we read the record in the light most favorable to the plaintiffs, with the exception of those material facts asserted by defendants in support of their summary judgment motion which facts were admitted by plaintiffs when they failed to timely respond to defendants' motion for summary judgment.
 
 III.
 Discussion
 
 20
 Based on defendants' recitation of material facts which accompanied their motion for summary judgment, and the rest of the record before it, the district court properly granted summary judgment as to plaintiffs' claims of securities fraud. The district court found that the following evidence was uncontested:
 
 
 21
 1. The offer to sell the stock of Librotex and Editorial Librotex was limited to those two companies and was independent of the sale of Alma Mater.
 
 
 22
 2. Plaintiffs have admitted on several different occasions that the purchase of Librotex and Editorial Librotex was not consummated because plaintiffs lacked the financing to purchase the two companies.
 
 
 23
 3. In the agreement which consummated the sale of Alma Mater to plaintiffs, no representation was made by defendants regarding the future sale of Librotex and Editorial Librotex; in fact, in clause 17 of the agreement, the parties stated without limitation that no other agreements existed between them as of that date.
 
 
 24
 The court reached these conclusions based on documentary evidence provided by defendants in support of their motion for summary judgment. That evidence demonstrated that the Alma Mater transaction was completely independent of any contemplated sale of Librotex or Editorial Librotex. Defendants' statement of undisputed material facts was adequately supported by defendants' sworn statements and deposition testimony. Indeed, at the initial scheduling conference, the parties stipulated that the Alma Mater agreement "embodied the entire understanding of the parties and that there were no further or other agreements or understandings written or oral in effect between the parties." The Alma Mater agreement contained no mention of the prospective sale of Librotex or Editorial Librotex.
 
 
 25
 Plaintiffs offered no facts to support their claim that defendants falsely represented to plaintiffs that the Alma Mater sale was linked to the sales of Librotex and Editorial Librotex. Therefore plaintiffs failed to meet their burden to support their claim as required by Fed. R. Civ. P. 56(e). We see no reason to disturb the district court's findings of undisputed facts, and therefore affirm the district court's grant of summary judgment. We note, however, that our decision should not be taken as an affirmance of the district court's holding regarding private rights of action under section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a). That issue has not yet been decided by either the Supreme Court or the First Circuit. See Eichler v. Berner, 472 U.S. 299, 304 n.9 (1985); Cleary v. Perfecture, Inc., 700 F.2d 774, 779 (1st Cir. 1983). The district court need not have reached that question in this case, especially when plaintiffs failed to identify the specific sections of the federal securities laws on which they based their claims.
 
 
 26
 The district court appropriately dismissed the pendent state law claims. As the Supreme Court has held, "when the federal-law claims have dropped out of the lawsuit in its early stages, and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1987); see also United Mine Workers v. Gibbs, 383 U.S. 715 (1966).
 
 
 27
 We decline to discuss plaintiffs' claim that the court's award of attorney's fees was improper. Under Local Rule 11 of the First Circuit Court of Appeals, "[i]n addition to an appellant's duties under FRAP 11(a), it is appellants responsibility to see that the record, as certified, is complete." In the absence of a complete record, we lack any basis to set aside the district court's order awarding attorney's fees, assuming such an order was entered.
 
 
 28
 Affirmed.