**UNITED STRUCTURES OF AMERICA, INC., et al., Plaintiffs**

v.

**G.R.G. ENGINEERING, S.E., et al., Defendants.**

**Civil No. 92–1441(SEC).**

United States District Court, D. Puerto Rico.

May 10, 1996.

*Ctr. v. Automotive Wholesaler's Ass'n,* 37 F.3d 12, 16 (1st Cir.1994).

Mark S. Finkelstein, Shannon, Martin, Finkelstein & Sayre, Houston, Texas and David P. Freedman, O'Neil & Borges, Hato Rey, PR, for plaintiffs.

Dario Rivera–Carrasquillo, and Raymond P. Burgos–Santiago, Pinto–Lugo & Rivera, San Juan, PR, Mirta E. Rodriguez, Department of Justice, Federal Litigation Division, San Juan, PR, Claudio Ocasio–Rojas, Santurce, PR, and Cesar T. Andreu–Megwinoff, Miramar, PR, for defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

This is an action brought by plaintiff United Structures of America, Inc. ("U.S.A.") against defendants G.R.G. Engineering ("G.R.G."), New Hampshire Insurance Company ("NHIC") and the Public Buildings Authority ("PBA"). Plaintiff seeks recovery from these defendants under the Miller Act, 40 U.S.C. §§ 270a and 270b, its counterpart the Little Miller Act, codified at 22 L.P.R.A. §§ 47 through 58, Article 1489 of the Puerto Rico Civil Code, 31 L.P.R.A. § 4130, as well as under the labor and material payment bonds agreed by the parties. Plaintiff U.S.A. seeks to recover the purchase price of construction materials manufactured and sold by U.S.A. for use in two construction projects in the Commonwealth of Puerto Rico.

Pending before the Court is plaintiff's Supplemental Motion for Summary Judgment **(Docket # 74).** After a careful analysis of the applicable law and the parties' argu-

ments, the plaintiff's Motion for Summary Judgment is **GRANTED.**

**Procedural Background**

In this Court's opinion and order entered on the docket on December 11, 1992, (**Docket # 47**) the Court concluded that there was no genuine issue of material fact as to the liability of G.R.G. and NIHC to plaintiff U.S.A. based on the Miller Act, the Little Miller Act, and the labor and material payment bonds agreed by the parties. The Court also determined that there was no genuine issue of material fact as to the amount of monies owed to U.S.A. by these defendants. Accordingly, the Court granted summary judgment against G.R.G. and NIHC, jointly and severally, requiring that they pay U.S.A. the sums of $104,770 (as to the Roosevelt Roads Project) and $176,579.00 (as to the Annex Building for Police Headquarters Project), plus interest. The Court did not address U.S.A.'s request for attorneys' fees, in light of the ensuing appeal.

Following this Court's denial of the defendants' motion for reconsideration of Judgment filed February 16, 1993, defendants appealed the judgment to the United States Court of Appeals for the First Circuit.

While the First Circuit concluded that this Court correctly granted summary judgment with respect to G.R.G.'s "front loading" claim by "reason of the fact that G.R.G.'s opposition to summary judgment failed to reveal a "genuine" or "material" issue of fact with respect to that claim, the First Circuit vacated a portion of the Court's judgment, since, it was based on an erroneous legal conclusion. The First Circuit, disagreeing with the Ninth Circuit case of *United States ex rel. Martin Steel Constructors v. Avanti Steel Constructors,* 750 F.2d 759 (9th Cir.1984), *cert. denied sub nom. Harvis Construction v. United States ex rel. Martin Steel Constructors,* 474 U.S. 817, 106 S.Ct. 60, 88 L.Ed.2d 49 (1985), upon which this Court relied, determined that, in a Miller Act setting, the general contractor is entitled to assert a "recoupment type of defense." The First Circuit noted:

Insofar as GRG shows that United [Structures] delivered defective goods that failed to meet contract specifications, and proves reasonably foreseeable damages caused by those defects, GRG may reduce the award to United [Structures] by the amount of those damages.

*United Structures of America, Inc. v. G.R.G. Engineering, S.E.,* 9 F.3d 996, 1000 (1st Cir.1993).

The First Circuit also concluded that it saw no reason why the result should be different under Puerto Rico's Little Miller Act for the Police Annex Project. *Id.*

According to the First Circuit, this Court's grant of summary judgment, at least by the time it denied the Motion for Reconsideration filed by G.R.G. and NHIC, rested upon an erroneous view of the law, and the First Circuit concluded that this Court should reconsider plaintiff's Motion for Summary Judgment. *Id.* Pursuant to the First Circuit's mandate, G.R.G. and NIHC may raise only the issues of recoupment; in all other respects, this Court determines that U.S.A. is entitled to summary judgment.

Moreover, the First Circuit exhorted plaintiff U.S.A. to file a new motion for summary judgment in this Court, and noted that "the defendants may not oppose that motion on the issue of liability, but may contest damages based on the principles of recoupment as outlined in [the First Circuit's] opinion." *Id.*

Plaintiff U.S.A.'s summary judgment evidence consists of all the summary judgment evidence filed in support of U.S.A.'s original motion for summary judgment, together with the additional materials filed:

a. Declaration of Jorge Menéndez (along with attachments);

b. Supplemental Affidavit of James C. Frazier (along with attachments);

c. Supplemental Affidavit of Mark S. Finkelstein (along with attachments)

d. Supplemental Declaration of David P. Freedman (along with attachments); and

e. Second Supplemental Local Rule 311.12 Statement of Undisputed Material Facts. (**Docket # 74**)

It is this last document to which the Court will attach special importance, in view of the applicable Local Rules of the District Court

**560**

for the District of Puerto Rico. In order to understand the importance of Local Rule 311.12, we must first discuss the applicable legal standard in summary judgment motions.

### Summary Judgment Standard

As noted by the First Circuit, summary judgment has a special niche in civil litigation. Its role is "to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." *Wynne v. Tufts University School of Medicine*, 976 F.2d 791, 794 (1st Cir.1992), *cert. denied*, 507 U.S. 1030, 113 S.Ct. 1845, 123 L.Ed.2d 470 (1993). The device allows courts and litigants to avoid full-blown trials in unwinnable cases, thus conserving the parties' time and money and permitting courts to husband scarce judicial resources. *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 314 (1st Cir.1995).

According to Fed.R.Civ.P. 56(c), a summary judgment motion should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *NASCO, Inc. v. Public Storage, Inc.*, 29 F.3d 28 (1st Cir. 1994). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there is no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

For a dispute to be "genuine," there must be sufficient evidence to permit a reasonable trier of fact to resolve the issue in favor of the nonmoving party. *U.S. v. One Parcel of Real Property*, 960 F.2d 200, 204 (1st Cir.1992). *See also, Boston Athletic Ass'n v. Sullivan*, 867 F.2d 22, 24 (1st Cir. 1989). By like token, "material" means that the fact is one that might affect the outcome of the suit under the governing law. *Morris v. Government Development Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir.1994).

Moreover, this Court may not weigh the evidence. *Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, 42 F.3d 668 (1st Cir.1994). Summary judgment "admits of no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails." *Id.* (citing *Greenburg v. Puerto Rico Maritime Shipping Authority*, 835 F.2d 932, 936 (1st Cir.1987)). Accordingly, if the facts permit more than one reasonable inference, the court on summary judgment may not adopt the inference least favorable to the non-moving party. *Casas Office Machines*, 42 F.3d at 684.

### Defendants' Failure to Submit a Separate Statement of Material Facts, Pursuant to Local Rule 311.12, Compels the Court to Deem Admitted Plaintiff's Statement of Undisputed Material Facts.

Applying the abovementioned summary judgment standard, this Court must find for plaintiff if the nonmoving party—defendants in the present case—are unable to demonstrate the existence of a genuine issue of material fact with regards to the issue of recoupment.

In the present case, defendants have repeatedly failed to comply with Local Rule 311.12. On August 28, 1992, U.S.A. filed a motion for summary judgment. (**Docket # 21**) As required by Local Rule 311.12, plaintiff submitted together with the motion separate and concise statements of undisputed facts in support of U.S.A.'s Motion for Summary Judgment (**Dockets # 20, 21**). On October 1, 1992, G.R.G. and NIHC served U.S.A. with their memorandum of law in support of their opposition to USA's summary judgment motion. (**Docket # 32**) Defendants attached to that memorandum the sworn statement of Luis R. Marin Aponte. According to G.R.G. and NHIC "this sworn statement controverted plaintiff's assertion that there are no genuine issues of material fact." (Docket # 32, Defendants' Memorandum of Law pp. 1–2) This affidavit constituted G.R.G.'s only effort to "set forth specific facts showing that there is a genuine issue" that might warrant a trial. Fed.

R.Civ. 56(e) *United Structures,* 9 F.3d at 997.

On October 15, 1992, USA tendered its reply to defendants' opposition to U.S.A.'s motion for summary judgment. **(Docket # 38)** USA stated that "G.R.G. and NHIC have failed to set forth specific facts showing that there is a genuine issue for trial as they must pursuant to Fed.R.Civ.P. 56(c), nor have G.R.G. and NHIC filed any local rule 311.12 statement." *Id.,* ¶ 9.

This Court granted summary judgment in favor of U.S.A. on January 15, 1993, later vacated by the Court of Appeals solely to raise the "issue of recoupment." *United Structures,* 9 F.3d at 1000. After remand, on February 14, 1995, USA filed its supplemental motion for summary judgment, again accompanied by a Local Rule 311.12 statement of undisputed material facts ("second supplement to local 311.12 statement of undisputed material facts") setting forth items i-iv inclusive, and restating the items originally presented on August 28, 1992. **(Docket # 74)**

In their April 10, 1995 opposition to U.S.A.'s renewed motion for summary judgment, G.R.G. again claims that there are genuine issues of material fact that preclude entry of summary judgment. Notwithstanding such claims, defendants again fail to submit a separate statement of the material facts as to which G.R.G. and NHIC contend that a genuine issue to be tried exists, in complete disregard of the requirements of Local Rule 311.12 of the United States District Court for the District of Puerto Rico. **(Docket # 80)**

This court has recently expressed that a non-moving party's failure to comply with Local Rule 311.12 will result in the admission of the moving party's list of uncontroverted facts.[1] *Tavarez v. Champion Products, Inc.,* 903 F.Supp. 268, 270 (D.Puerto Rico 1995) (Laffitte, J.) "When the nonmovant fails to

annex a short, concise statement of material facts in its opposing motion, the movant's statement of contested facts is uncontroverted and deemed admitted. This procedural defect shackles the nonmoving party to the moving party's portrayal of the events. Although this omission does not signify an automatic defeat, it launches the nonmovant's case down the road towards an early dismissal." Such is the scenario in the present case.

■ We hasten to add that Local Rule 311.12 has the force of law. *See* Fed.R.Civ.P. 83; 12 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3153 at 224 (1st ed. 1973) ("Because local rules do have the force of law, they should be held to be binding upon parties and upon the court that promulgated them until they are changed by a majority of the judges in the district.") The First Circuit has also stressed the importance of the parties' compliance with procedural rules. In *Reyes–Garcia v. Rodriguez & Del Valle, Inc.,* 82 F.3d 11, 14 (1st Cir.1996), the Court noted:

Procedural rules are important for two overarching reasons. One reason is that rules ensure fairness and orderliness. They ensure fairness by providing litigants with a level playing field. They ensure orderliness by providing courts with a means for the efficient administration of crowded dockets. In both these respects rules facilitate the tri-cornered communications that link the opposing parties with each other and with the court. The second overarching reason why procedural rules are important has a functional orientation: rules establish a framework that helps courts to assemble the raw material that is essential for forging enlightened decisions.

Accordingly, all material facts set forth in plaintiff U.S.A.'s statement of undisputed material facts which were not separately and expressly controverted by G.R.G., must be

---

1. Local Rule 311.12 reads: Upon any motion for summary judgment, there shall be served and filed annexed to the motion a separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried and the basis of such contention as to each material fact, properly supported by specific reference to the record. All material facts set forth in the statement re-

quired to be served by the moving party shall be deemed to be admitted unless controverted by the statement required to be served by the opposing party. The papers opposing a motion for summary judgment shall include a separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, properly supported by specific reference to the record.

deemed admitted. *Rivas v. Federacion de Asociaciones Pecuarias,* 929 F.2d 814, 816 n. 2 (1st Cir.1991); *Laracuente v. Chase Manhattan Bank,* 891 F.2d 17, 19 (1st Cir.1989). There being no genuine issue of material facts in this matter, the case is ripe for summary judgment.

Accordingly, we proceed to state the uncontroverted facts in the present case that are pertinent to the pending summary judgment motion before this Court. **(Docket # 74,** Second Supplement to Local Rule 311.12 Statement of Undisputed Material Facts)

i) Beginning in January 1991 and continuing through July of 1991, plaintiff U.S.A. supplied and sold certain construction materials to a company called Uni–Homes System Co., Inc. d/b/a Universal Building Structures (hereinafter "Universal"), which supplied and delivered such materials to defendant G.R.G. for use in the construction of the Roosevelt Roads Project, a public works project constructed on property owned by the United States Government. Universal is currently operating as a debtor-in-possession under Chapter 11 of the United States Bankruptcy Code. **(Docket # 21)**

ii) G.R.G. failed to complain of any defects or deficiencies in the construction materials supplied for the Roosevelt Roads Project and the Annex Building Police Headquarters Project (hereinafter "ABPH Project" or "Police Annex Project") in the contractual or requisite time period, or in the manner required by the steel construction industry in Puerto Rico. ("the Industry") (Declaration of Jorge Menendez of June 7, 1994, hereinafter "Menendez Declaration") ¶ 3; Supplemental Affidavit of James C. Frazier ¶¶ 4, 5. **(Docket # 74)**

iii) Regarding the Roosevelt Roads Project, G.R.G. failed to properly disburse $100,-000.00 to plaintiff U.S.A.; instead, G.R.G. allowed Universal Building Structures ("Universal", which was G.R.G.'s Steel subcontractor), to deposit and receive payment of checks jointly payable to Universal and U.S.A., directly into Universal's account, without U.S.A.'s endorsement. Menéndez Declaration, ¶¶ 4, 14. **(Docket # 74)**

iv) Regarding the Police Annex Project, according to Industry practice, the corrective work performed by G.R.G.'s new subcontractor was in the nature of a "field fit-up", a normal procedure in the Industry, and that only $3,912.00 should be allocated to the corrective work. Menendez Declaration ¶¶ 4, 27. **(Docket # 74)**

v) In addition to whatever other amounts may be assessed according to law, G.R.G. and NHIC are still indebted to plaintiff U.S.A. in the principal amount of $104,770.00 in respect of materials supplied to the Roosevelt Roads Project, and $176,579.00 in respect of materials supplied to the ABPH Project. **(Docket # 74)**

As noted previously, the issue on remand is limited to the damages to which plaintiff U.S.A. would be entitled, giving due consideration to legitimate claims, if any, of defects in the materials. Plaintiff argues, and this Court agrees, that this recoupment analysis should be viewed in light of the policy and "aim of the Miller Act to foster immediate payment to those supplying government projects in order to prevent financial embarrassment that might result to them from a protracted delay in payment." *United States ex rel. Baruch v. Paul Hardeman, Inc.,* 260 F.Supp. 723, 728 (M.D.Fla.1966); *Kora & Williams Corp. v. C.J. Coakley Company, Inc.,* 97 B.R. 258, 261 (Bankr.D.Md.1988).

■ With regards to the issue of recoupment, plaintiff's summary judgment evidence demonstrates that the defendants' recoupment defense is neither genuine nor material because of the timing of the defendants' claim of defective materials. As noted by plaintiff, the defendants never notified U.S.A. of any claims or defect or shortages in materials supplied for the Roosevelt Roads Project within five days after delivery of the material as they were required to do under paragraph 7(H) of the Roosevelt Roads Contract. No complaint was ever made concerning any claims of defect or shortages with respect to the materials supplied by plaintiff U.S.A. to this project until October 1992, when the defendants responded to U.S.A.'s Motion for Summary Judgment.

Moreover, the defendants never notified U.S.A. of any defects or shortages in materi-

als supplied for the Police Annex Project until after the present lawsuit was filed on March 31, 1992. Plaintiff notes that the items complained of were not defects, within the context of the recoupment defense. Rather, plaintiff argues all of the alleged defects were remedied at minimal costs as field fit up, a normal occurrence in the erection of steel structures.

Defendants have failed to contradict this evidence with appropriate summary judgment evidence. Instead, the defendants assert bare allegations that are unsupported by competent testimony or documentary proof. Defendants claim that "[t]he industry standard regarding the complaint of defects, as it is stated by U.S.A., is erroneous, inapplicable and incorrect." **(Docket #80,** Exhibit 6, Luis R. Marín Aponte's Affidavit, at ¶5, p. 7) However, defendant has failed to explain why the standard is erroneous and inapplicable. The First Circuit has recently and repeatedly held that "neither conclusory allegations, improbable inferences, and unsupported speculation, **nor brash conjecture coupled with earnest hope that something concrete will materialize** is sufficient to block summary judgment." *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.,* 76 F.3d 1245 (1st Cir.1996) (emphasis added); *see also Roche v. John Hancock Mutual Life Insurance Co.,* 81 F.3d 249 (1st Cir.1996) ("genuineness and materiality are not infinitely elastic euphemisms that may be stretched to fit whatever perorations catch a litigant's fancy ... [m]otions for summary judgment must be decided on the record as it stands, not on a litigant's vision of what the facts might some day reveal ... speculation and surmise, even when coupled with effervescent optimism that something definite will materialize further down the line, are impuissant in the face of a properly documented summary judgment motion.")

Defendants seek to establish notifications to plaintiff U.S.A. with regards to the alleged defects in the materials supplied to the Roosevelt Roads Project, through Exhibits 7.39, 7.40, 7.41, 7.42, 7.44, and 7.25. **(Docket #80)** Reliance on Exhibits 7.39, 7.40, and 7.42 is misplaced, as these documents relate to deficiencies on the part of G.R.G.'s steel erection subcontractor, Universal, not one of its material suppliers, U.S.A. Moreover, there is no indication that any of these letters were ever sent to plaintiff U.S.A. Exhibit 7.41 consists of two letters to Universal dated in November 1990 before materials were ever shipped by U.S.A. These two letters do not complain of defective materials supplied to the project; they relate solely to clarifying contract requirements and specifications for materials potentially to be supplied in the future. Exhibit 7.44 is just another copy of Luis R. Marín Aponte's October 1992 sworn statement submitted in support of defendant's prior opposition to U.S.A. original Motion for Summary Judgment. Exhibit 7.25 is a letter from the Department of the Navy criticizing G.R.G. for its failure to select materials that comply with specifications. There is no indication that a copy was ever sent to U.S.A.

Exhibits 7.39, 7.40, and 7.42, submitted by the defendants with no translations, cannot under any scenario be deemed notice to U.S.A. Written in the Spanish language (even though they related to a federal project), without copies to U.S.A., they deal exclusively with Universal's failures as an installer. Paragraph 3 in each of Exhibits 7.40 and 7.42, demonstrates G.R.G.'s failure to supervise its own subcontractor Universal.

> On the other hand, our field personnel inform us that you have not checked the material received, to verify (1) their quality in the light of specifications (2) their conformity with the existing structure and (3) if the quantity received is that required or ordered. (Translation ours)

Therefore, even though U.S.A. supplied the last material to the Roosevelt Roads Project in July 1991 (Undisputed Material Fact No. 4 of August 28, 1992) **(Docket #21),** G.R.G. claims in November 1991 that Universal failed to check the material. Notwithstanding this claim, defendants failed to diligently supervise the work performed by its subcontractor, as required by industry practice. The First Circuit noted in *Jorge Rivera Surillo & Co. v. Falconer Glass Industries Inc.,* 37 F.3d 25 (1st Cir.1994) (in which one of G.R.G.'s subcontractors at Roosevelt Roads unsuccessfully tried to claim

defects in materials as a defense to the supplier's claim for payment), a purchaser of construction materials who delays in inspecting the goods does so at his own risk. *Jorge Rivera Surillo,* 37 F.3d at 30. Even if the short time limits of Puerto Rico law are not directly applicable, they are indicative of industry standards and what a reasonable time limit should be under the Miller Act.

In view of the above discussion this Court concludes that defendants are not entitled to recoupment with regards to the alleged defects in the materials provided by plaintiff U.S.A. to the Roosevelt Roads Project.

### Annex Building for Police Headquarters Project

■ Defendant G.R.G. claims that the work done on the Police Annex Project was not "field fit-up", but rather, a total refabrication of the project that cost $107,622. G.R.G.'s evidence is as follows:

> in particular, the materials supplied by U.S.A. for the heliport structure in the Police Annex Project were defective as several pictures evidenced. Copy of these pictures are enclosed with Exhibits 7.36 and 7.37, and also by the work performed by subcontractor Donald Sweeton and his crew, which included re-welding, cutting, matching, and also consultation to project designers so that required modifications and correction of defects comply with the designers' expectatives [sic] correction. *See* Exhibits 7.30 through 7.36, and 7.44. *See* ¶9 of Luis R. Marin Aponte's Unsworn Declaration.

Nowhere does G.R.G. allege specific material defects or at least some explanation as to why the materials supplied were allegedly defective; at most, G.R.G. asserts that the defects are evidenced by the pictures and we and are left to determine what those pictures evidence, if anything.

The Court has already accepted plaintiff's version of the facts that such work was indeed, field fit-up. (**Docket # 74,** Supplement to Local Rule 311.12, Menéndez Declaration) Even if the Court had not accepted plaintiff's version, pursuant to Local Rule 311.12, defendants' conclusory allegations with regard to the nature of the corrections performed by the subcontractor are not enough to defeat plaintiff's motion for Summary Judgment. Accordingly, this Court finds that defendants are not entitled to recoupment for the alleged defects in the materials provided by plaintiff U.S.A. to the Police Annex Project.

### Conclusion

Pursuant to the above discussion, this Court concludes that there is no genuine issue of material fact as to any defect or deficiencies in the construction materials supplied by U.S.A. to G.R.G. Therefore, U.S.A. is entitled to summary judgment as a matter of law against the defendants for the amounts owed to U.S.A., notwithstanding their alleged recoupment defense. As shown above, the amount sought by plaintiff and previously awarded by this Court are sums "justly due" to plaintiff U.S.A. within the contemplation of the First Circuit's opinion.

Accordingly, the Court hereby **GRANTS** judgment in favor of plaintiff against defendants G.R.G. and NHIC, jointly and severally, on the Roosevelt Roads Project, as follows:

a. The principal sum of $104,770.00 as the amount justly owed;

b. Plus accrued interest through October 31, 1994, of $53,323.54, together with interest at the per diem rate of $51.67 after October 31, 1994 until the date of judgment.

Moreover, the Court grants summary judgment against G.R.G., NHIC and PBA, jointly and severally on the ABPH Project, as follows:

a. The principal sum of $176,579.00 as the amount justly owed to plaintiff U.S.A., plus post-judgment interests as allowed by law from the date of judgment until paid.

### Attorneys' Fees

■ Upon careful review of the parties' arguments and applicable law, this Court declines to award attorneys' fees in the present case to plaintiff. Under Puerto Rico Rule of Civil Procedure 44.1(d) and 44.3(b), a losing party who has been "obstinate" during the course of a lawsuit can be held liable for prejudgment interest (if a money judgment has eventuated) and for its adversary's attor-

neys' fees. 32 L.P.R.A.App. III. The Supreme Court of Puerto Rico has noted that a finding of obstinacy requires that the Court determine a litigant to have been unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation, thereby wasting time and causing the court and the other litigants unnecessary expense and delay. *De Leon Lopez v. Corporacion Insular de Seguros,* 931 F.2d 116, 126 (1st Cir.1991).

[13, 14] It is within the sound discretion of the trial judge, considering the facts peculiar to the case before him, to determine if the defendant was obstinate under the rules. *Reyes v. Banco Santander de Puerto Rico,* 583 F.Supp. 1444, 1445 (D.Puerto Rico 1984). Although defendant's recoupment defense was ultimately unsuccessful, defendant's argument on the availability of a recoupment defense, pursuant to a Miller Act claim, proved sufficiently cogent as to persuade the First Circuit to vacate the initial judgment of this Court. In view of the First Circuit opinion in the present case, as well as the parties' legal briefs, we conclude that defendants did not engage in obstinate or vexatious litigation. The Court also concludes that defendants have not acted in bad faith, vexatiously, wantonly or for oppressive reasons, conduct which would have entitled plaintiff to attorneys' fees, pursuant to 28 U.S.C. § 1927. Accordingly, plaintiff's motion for attorneys' fees is **DENIED.**

**SO ORDERED.**