**Lilia POL–SELLA, Plaintiff,**

v.

**SER JOBS FOR PROGRESS NATIONAL, INC., Defendants.**

**No. Civ. 97–2588(SEC).**

United States District Court, D. Puerto Rico.

June 30, 1998.

Pedro V. Aguirre–de–Jesús, Santurce, PR, for Plaintiff.

Luis D. Ortíz–Abreu, Vivian Nuñez–Rodríguez, Goldman, Antonetti & Cordova, San Juan, PR, for Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

This case is before the Court on SER Jobs For Progress National, Inc.'s unopposed motion for summary judgment (**Docket # 3**). SER–Jobs essentially contends that plaintiff has failed to allege the requisite "state action" for a claim under 42 U.S.C. § 1983, and that defendant is thus, entitled to judgment as a matter of law. For the reasons stated below in this opinion and order, SER–Jobs' motion for summary judgment is hereby **GRANTED.**

**Summary Judgment Standard**

The First Circuit has recently noted that:

[s]ummary judgment is a means of determining whether a trial is actually required. It is appropriately granted when the record shows that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Thus, in order to defeat a properly crafted summary judgment motion, the party opposing it must demonstrate that a trialworthy issue looms as to a fact which could potentially affect the outcome of the suit.

*Serapión v. Martínez,* 119 F.3d 982 (1st Cir. 1997). *See also McCarthy v. Northwest Airlines, Inc.,* 56 F.3d 313, 315 (1st Cir.1995).

In determining whether to grant a summary judgment, the Court may not weigh the evidence. *Casas Office Machines, Inc. v. Mita Copystar America, Inc.,* 42 F.3d 668 (1st Cir.1994). Summary judgment "admits of no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails." *Id.citing Greenburg v. Puerto Rico Maritime Shipping Authority,* 835 F.2d 932, 936 (1st Cir.1987). Accordingly, if the facts permit more than one reasonable inference, the court on summary judgment may not adopt the inference least favorable to the nonmoving party. *Casas Office Machines,* 42 F.3d at 684.

The mere existence of a factual dispute is not, however, enough to defeat summary judgment. *United Structures, Inc. v. G.R.G. Engineering, S.E.,* 927 F.Supp. 556; 560 (D.P.R.1996). In those cases where there are factual disputes, summary judgment will be deemed proper if the unresolved facts are not genuine and material to the resolution of the case. *Corporación Insular de Seguros v. Reyes Muñoz,* 849 F.Supp. 126, 132 (D.P.R. 1994). For a dispute to be "genuine," "the factual controversy 'must be sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side.'" *Lynne Woods–Leber v. Hyatt Hotels of Puerto Rico, Inc.,* 124 F.3d 47 (1st Cir.1997). *See also U.S. v. One Parcel of Real Property,* 960 F.2d 200, 204 (1st Cir.1992); *Boston Athletic Assn. v. Sullivan,* 867 F.2d 22, 24 (1st Cir. 1989). By like token, for a dispute to be deemed "material," the fact must be one that might affect the outcome of the suit under the governing law. *Morris v. Government Development Bank of Puerto Rico,* 27 F.3d 746, 748 (1st Cir.1994).

Recent case law has established that "summary judgment may be appropriate '[e]ven in cases where elusive concepts such as motive or intent are at issue . . . if the nonmoving party rests merely upon conclusory allegations, improbable inferences and unsupported speculation.'" *Woods v. Friction Materials, Inc.,* 30 F.3d 255, 259 (1st Cir.1994) (quoting *Medina–Muñoz v. R.J. Reynolds Tobacco, Co.,* 896 F.2d 5, 8 (1st Cir.1990).

It thus seems that, at least as long as it is "the non movant [that] bears the ultimate burden of proof at trial, he [will] not [be able to] defeat a motion for summary judgment by relying upon evidence that is 'merely colorable' or 'not significantly probative.'" *Pagano v. Frank,* 983 F.2d 343, 347 (1st Cir. 1993), *referring to Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "To the contrary, the non movant [will have to] 'present definite, competent evidence to rebut the motion.'" *Pagano,* 983 F.2d at 347, *referring to Mesnick v. General Elec. Co.,* 950 F.2d 816, 822 (1st Cir.1991), *cert. denied,* 504 U.S. 985, 112 S.Ct. 2965, 119 L.Ed.2d 586 (1992).

■ Plaintiff, in failing to oppose the motion for summary judgment, has also failed to comply with the so-called "anti-ferret rule;" that is, she has not presented a concise statement of material facts which present a genuine issue to be tried, as required by Local Rule 311.12.[1]

This Court has previously expressed that "[w]hen a party opposing a motion for summary judgment fails to comply with [the foregoing] 'anti-ferret rule,' the statement of material facts filed by the party seeking summary judgment [shall be] deemed . . . admitted." *Méndez Marrero v. Toledo,* 968 F.Supp. 27 (D.P.R.1997), *referring to Domínguez v. Eli Lilly & Co.,* 958 F.Supp. 721, 727

---

1. Local Rule 311.12 provides that:

[u]pon any motion for summary judgment, there shall be served and filed annexed to the motion a separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried and the basis of such contention as to each material fact, properly supported by specific reference to the record. All material facts set forth in the statement required to be served by the moving party shall be deemed to be admitted unless controverted by the statement required to be served by the opposing party. The papers opposing a motion for summary judgment shall include a separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, properly supported by specific reference to the record.

(D.P.R.1997). *See also Tavarez v. Champion Products, Inc.,* 903 F.Supp. 268, 270 (D.P.R. 1995). Otherwise, the Court would be forced to search "through the entire record for evidence of genuine issues of material fact which might preclude the entry of summary judgment." *Méndez Marrero,* 968 F.Supp. at 34, *referring to Stepanischen v. Merchants Despatch Transp. Corp.,* 722 F.2d 922, 930–31 (1st Cir.1983). Although the non-movant's failure to provide a statement of uncontested material facts does not automatically warrant the granting of summary judgment, "it launches the non-movant's case down the road towards an easy dismissal." *Id.*

Such is the scenario in the present case. Since plaintiff failed to oppose the present motion, she violated the anti-ferret rule. Thus, all material facts set forth in defendant's statement of undisputed material facts shall be deemed admitted. *Rivas v. Federacion de Asociaciones Pecuarias,* 929 F.2d 814, 816 n. 2 (1st Cir.1991); *Laracuente v. Chase Manhattan Bank,* 891 F.2d 17, 19 (1st Cir.1989). Accordingly, we need only examine whether given the facts, the movant is entitled to judgment as a matter of law.

**Factual Background**

The essential facts of this case are summarized as follows. SER–Jobs is a not-for-profit corporation under Section 501(c)(3) of the Federal Income Tax Code, with its central offices located in Irving, Texas. SER–Jobs is the largest Hispanic corporation in the United States dedicated to providing training and employment services to needy Hispanic families. The League of United Latin American Citizens (LULAC) and the American GI Forum (AGIF) jointly organized the corporation in 1964.

SER–Jobs is part of a chain of employment and training organizations which provide services to less fortunate Hispanic individuals throughout the United States and Puerto Rico. Funding for SER–Jobs is provided in large part (82.11%) by the federal government; the remainder of SER–Jobs' funding is received from private foundations and other private sources.

Plaintiff Lilia Pol–Sella served as an employee of SER–Jobs from September 14, 1995 until January 9, 1996, where she occupied the position of Instructor of Office Skills in the "PASOS Program." While employed at SER–Jobs, plaintiff was assigned to the branch located at Iturregui Shopping Center, in Carolina, Puerto Rico.

SER–Jobs closes its operations every year for a few days during the Christmas holidays. In 1995, the break began on Monday, December 25, and ended on Monday, January 1, 1996. On January 2, 1996, SER–Jobs reopened its operations but plaintiff did not appear for work, nor did she contact any supervisor explaining the reasons for her absence. Plaintiff remained absent until January 9, 1996. During this time period, plaintiff missed five working days and failed to contact anyone at SER–Jobs to explain her absence.

It is defendant SER–Jobs' position that plaintiff abandoned and/or voluntarily resigned from her employment on January 9, 1996, pursuant to the company's Employee Manual. This manual requires all employees to promptly advise their supervisors of any absence from employment, and any continuing absence of three or more working days will be considered as an abandonment of employment and a voluntary resignation. Thus, on that same date—January 9, 1996—defendant's then Executive Director, Laura Miranda, advised plaintiff that her employment with SER–Jobs was deemed concluded since she had abandoned her employment.

Subsequently, on October 4, 1996, the Department of Labor informed SER–Jobs of a charge filed before its Anti–Discrimination Unit by plaintiff Pol–Sella alleging age and sex discrimination. The charge was dated August 2, 1996. By letter dated June 27, 1997, the Department of Labor notified both plaintiff and defendant that there was no probable cause of discrimination on the basis of age or sex.

On October 30, 1997, the Secretary of Labor of the Commonwealth of Puerto Rico advised plaintiff by letter of her right to sue defendant in a judicial forum despite the fact that the Department of Labor felt there was a lack of probable cause for a discrimination suit. On that same date, the plaintiff filed the present suit in the United States District

Court for the District of Puerto Rico pursuant to 42 U.S.C. § 1983, and for alleged violations of the Due Process and Equal Protection clauses of the Commonwealth of Puerto Rico and the U.S. Constitutions. Subsequently, and by motion dated December 31, 1997, plaintiff requested leave to file an amended complaint to assert jurisdiction under 28 U.S.C. § 1343, as well as violations of the Equal Protection Clause of the U.S. Constitution. Both the summary judgment motion and the motion for leave to file an amended complaint, as well as a motion for sanctions filed by defendant, are currently pending before the Court.

**Applicable Law/Analysis**

■ Section 1983 of Title 42 of the United States Code provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and the laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* To establish a claim under § 1983, plaintiff must demonstrate that she was denied some right secured by the Constitution and/or laws of the United States, and that defendant deprived her of this right while acting under color of state law. *Flagg Bros. Inc. v. Brooks,* 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). As to the latter requirement, the First Circuit has held that while the state involvement does not have to be direct, the "conduct allegedly causing the deprivation of a federal right must be fairly attributable to the State." *Rodriguez–Garcia v. Davila,* 904 F.2d 90, 94 (1st Cir.1990) (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)).

In the present action, plaintiff Pol–Sella essentially "contends that the federal government has so far injected itself into the affairs of [SER–Jobs] that its actions are in reality those of the federal government." *López*

*Gerena v. Puerto Rico Legal Services Inc.,* 697 F.2d 447, 449 (1st Cir.1983). The Supreme Court has devised several tests for determining whether a private individual is a government actor, all of which are necessarily fact-sensitive. *Id.* We will now consider the facts of this case in light of such recognized tests.

**1. Nexus Test**

■ Under the nexus test, utilized by the Supreme Court in *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974), a government action exists when "there is a sufficiently close nexus between the [government] and the challenged action of the [entity] so that the action of the latter may be fairly treated as that of the [government] itself." *Id.* "In short, the party seeking to establish that the action of a private party violated the Constitution must be able to point to the specific act or actions of the government which in fact motivated the private action." *López Gerena,* 697 F.2d at 450.

In the present action, although the plaintiff invokes jurisdiction under 42 U.S.C.1983, the only allegation linking the federal government to her termination is paragraph eight of the complaint (**Docket # 1**). This paragraph provides that "[p]laintiff understands she was discriminated and never granted an opportunity to be heard and produce evidence on her behalf, [sic] also in regard to the proceedings before the Puerto Rico Department of Labor she was again denied due process of the law guaranteed by the Constitution of the Commonwealth of Puerto Pico and the United States of America." We must assume, although this fact is never alleged by plaintiff, that the reason she invoked § 1983 is that defendant receives the majority of its funding from the United States government. Even if this were the case, however, the Supreme Court has firmly established that "the receipt of government funds does not render the government responsible for a private entity's decisions concerning the use of those funds." *See e.g., Rendell–Baker v. Kohn,* 457 U.S. 830, 102 S.Ct. 2764, 2771, 73 L.Ed.2d 418 (1982), and *Blum v. Yaretsky,* 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534

(1982). Since plaintiff offered no evidence of any significant government action which may have prompted her termination, there is no "sufficiently close nexus" that would make SER–Jobs' actions in essence those of the federal government.

## 2. Symbiotic Relationship Test

█ Under the symbiotic relationship test, used by the Supreme Court in *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 725 81 S.Ct. 856, 862, 6 L.Ed.2d 45 (1961), the actions of the private entity are attributable to the government if the government "has so far insulated itself into a position of interdependence with the entity that it must be recognized as a joint participant in the challenged activity."[2] The court held that "under such circumstances plaintiff need not show how the government was particularly involved in the challenged action. Rather, the government is charged with all the actions of the private party." *Id.*

Once again we can assume the plaintiff is essentially alleging that the funding arrangement between the government and the defendant create the necessary symbiotic relationship. This is not, however, the case. The financial success of the federal government is in no way linked to the success of SER–Jobs and other not-for-profit entities which the government funds. Also, this case is distinguishable from *Burton* because SER–Jobs operates from a private shopping center instead of a public building; and more importantly, because SER–Jobs is a non-profit entity, and not a profit-oriented entity, as was the case in *Burton*.

## 3. Public Function Test

█ Under the public function test, the actions of a private entity are attributed the federal government if the entity "exercises powers traditionally exclusively reserved to the [government]." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352, 95 S.Ct. 449, 454, 42 L.Ed.2d 477 (1974). In the present action, since SER–Jobs is providing job training to individuals throughout the United States, it cannot be said that they are exercising powers traditionally reserved for the government, especially since the task of imparting job training and skills on individuals has historically fallen on the private sector.

In sum, under each of the three relevant tests, plaintiff has failed to allege that her dismissal from her position at SER–Jobs can be fairly attributed to the federal government.

█ Plaintiff also alleges that SER–Jobs violated 42 U.S.C. § 1983 because it dismissed her without due process of law, in violation of the Fourteenth Amendment.[3] Yet "[t]he Fourteenth Amendment applies only to the acts of the states, not those of private parties." *Rendell–Baker v. Kohn*, 457 U.S 830, 102 S.Ct. 2764, 2769, 73 L .Ed.2d 418 (1982). Therefore, plaintiff must in some way establish that her dismissal is fairly attributable to the Commonwealth of Puerto Rico. As stated previously, the fact that SER Jobs may receive funding from the Commonwealth of Puerto Rico is not, *per se*, sufficient to establish state action. *López Gerena*, 697 F.2d 447, 449. *See also Rodríguez–García v. Dávila*, 904 F.2d 90 (1st Cir.1990).

Since plaintiff did not file an opposition to the motion for summary judgment filed by the defendant, we must rely on the complaint's allegations and the defendant's statement of uncontested material facts. A review of the complaint in this case reveals only conclusory allegations regarding any constitutional and/or § 1983 violations. Plaintiff fails to even attempt to allege any specific act or actions that may be attributable to either the federal or the state government, under any of the above-described theories. Thus, defendant's motion for summary judgment **(Docket # 3)** is hereby **GRANTED.**

---

2. Such was the case in *Burton,* where a private restaurant located in a public facility refused to serve black customers, and the profits received by the restaurant were indispensable elements in the financial success of the government agency.

3. In her tendered amended complaint, plaintiff additionally asserts a cause of action under the Equal Protection Clause. This matter will nevertheless be addressed in the following section.

### The Amended Complaint and the Request for Sanctions

■ SER–Jobs filed the preceding motion for summary judgment on December 18, 1997. As stated previously, plaintiff failed to oppose this motion. Instead, she chose to tender an amended complaint "to substantiate the complaint" on January 8, 1998. Defendant vehemently opposed plaintiff's request to file an amended complaint.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). In this regard, the First Circuit has established that "[a]bsent factors such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or 'futility of amendment,' the leave sought should be granted." *Executive Leasing Corp. v. Banco Popular de Puerto Rico,* 48 F.3d 66, 71 (1st Cir.1995) (*quoting Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), *cert denied,* 516 U.S. 861, 116 S.Ct. 171, 133 L.Ed.2d 112 (1995).

Notwithstanding the foregoing, the First Circuit has also established that "parties seeking the benefit of the rule's liberality have an obligation to exercise due diligence." *Quaker State Oil Ref. Corp. v. Garrity Oil Co., Inc.,* 884 F.2d 1510, 1517 (1st Cir.1989). Since plaintiff filed her motion to amend the complaint after SER–Jobs moved for summary judgment, she must prove that the proposed amendments have substantial merit and are supported by substantial and convincing evidence. *Resolution Trust Corp. v. Gold,* 30 F.3d 251, 253 (1st Cir.1994) (*quoting Torres–Matos v. St. Lawrence Garment Co., Inc.,* 901 F.2d 1144, 1146 (1st Cir.1990). Instead of providing this proof, however, plaintiff attempts to alter the focus of her original claims in order to defeat SER–Jobs' motion for summary judgment. Under such circumstances, we believe that to allow plaintiff to amend her complaint would unduly prejudice defendant. *See Citizens to End Animal Suffering and Exploitation, Inc., v. New England Aquarium,* 836 F.Supp. 45, 57 (D.Mass.

1993) ("as the defendants had filed and briefed their meritorious motions for summary judgment before the motion to amend was filed, it would be unfair to allow that motion and thus reward an evident effort to avoid an adverse ruling on the request for summary judgment"). Plaintiff's motion for leave to file an amended complaint (**Docket # 7**) is hereby **DENIED.**

■ Finally, SER–Jobs has filed a motion for Rule 11 sanctions against plaintiff's counsel (**Docket # 8**). Defendant essentially contends that on November 18, 1997, shortly after being served with the complaint in this case, counsel for SER–Jobs sent plaintiff's counsel a letter requesting that plaintiff voluntarily dismiss the case pursuant to Rule 11 of the Federal Rules of Civil Procedure because SER–Jobs was a private, not-for-profit corporation, and was therefore, not covered by § 1983. Plaintiff's counsel allegedly refused to comply with SER–Jobs' request, forcing defendant to incur in substantial time and expense to respond to plaintiff's claims. It is worth noting that plaintiff has not opposed this motion for sanctions.

In *Aetna Casualty and Surety Co. v. Kellogg,* 856 F.Supp. 25 (D.N.H.1994), the Federal District Court for the District of New Hampshire held that:

[t]he purpose of Rule 11 is to deter dilatory and abusive tactics in litigation and to streamline the litigation process by lessening frivolous claims or defenses. To achieve these goals, Rule 11 requires attorneys to take responsibility for the claims and defenses they represent; attorneys must make reasonable inquiry to assure that the claims, defenses and positions represented by them are well-grounded in both law and fact and are not intended to serve an improper purpose, such as harassment or delay.

*Id.* at 32 (*quoting Cruz v. Savage,* 896 F.2d 626, 630 (1st Cir.1990). The First Circuit has further held that "[t]o determine whether a litigant [has] made a reasonable inquiry into the facts, the district court should examine all the circumstances, including the complexity of the subject matter, the party's familiarity with it, the time available for in-

quiry, and the ease (or difficulty) of access to the requisite information."

Applying the foregoing "totality of circumstances" test, we find that plaintiff's counsel's decision to pursue this action further, despite defendant's good faith effort to avoid litigating this matter, breached his duty under Rule 11 to make a "reasonable inquiry" to ensure that the claims and positions represented by him were well-grounded in fact and law. Defendant's motion is thus, hereby **GRANTED.** Plaintiff's counsel is hereby **ORDERED** to pay reasonable attorney's fees and expenses incurred by defendant in responding to his frivolous complaint. *See Bay State Towing Co. v. Barge American 21,* 899 F.2d 129 (1st Cir.1990).

**Conclusion**

For the reasons stated herein, defendant's motion for summary judgment (**Docket # 4**), and its motion for Rule 11 sanctions (**Docket # 8**), are hereby **GRANTED.** Furthermore, plaintiff's motion for leave to file an amended complaint (**Docket # 7**) is hereby **DENIED.**

**SO ORDERED.**